■ ROBERT WHITNEY, Respondent, v ELAINE WHITNEY, Appellant. [678 NYS2d 290] —In a matrimonial action in which the parties were divorced by judgment entered September 12, 1995, the defendant appeals from an order of the Supreme Court, Suffolk County (Costello, J.), dated June 6, 1997, which granted

the plaintiff's motion to "vacate and rescind" a prior order of the same court (Leis, J.), dated January 22, 1996, directing a hearing upon her application to set aside the judgment of divorce and the stipulation of settlement dated January 14, 1994.

Ordered that the order dated June 6, 1997, is reversed, with costs, the plaintiff's motion to "vacate and rescind" the order dated January 22, 1996, is denied, the order dated January 22, 1996, is reinstated, and the matter is remitted for a hearing to determine the defendant's application to set aside the judgment of divorce and the stipulation of settlement.

This record does not establish that the parties agreed that their stipulation of settlement was to survive entry of the judgment (*cf., Nicoletti v Nicoletti,* 43 AD2d 699; *see also, Cooper v Cooper,* 179 AD2d 1035, 1036). Contrary to the conclusion of the Supreme Court, we do not find that the defendant is relegated to a plenary action to set aside the stipulation and the judgment entered thereon (*cf., Riley v Riley,* 179 AD2d 750). The ordered hearing should go forward to resolve that question, among others, such as the defendant's unresolved motion, *inter alia,* to vacate the judgment of divorce on the ground that it was untimely submitted to the court for its signature (*see,* 22 NYCRR 202.48). Mangano, P. J., Bracken, Krausman and McGinity, JJ., concur.