■ EVGENY F., Appellant, v INESSA B., Respondent. [8 NYS3d 182]—

Order, Family Court, New York County (Marva A. Burnett, Ref.), entered on or about March 28, 2014, which, after a hearing, granted respondent mother's application for an interim award of attorney's fees in the amount of $525,000 and expert's fees of $38,000 from petitioner father, unanimously affirmed, without costs.

In this child custody proceeding, the court providently exercised its discretion in awarding respondent counsel fees and expert fees " 'based on the [relative] financial circumstances of the parties and the circumstances of the case as a whole' " (*Matter of Feng Lucy Luo v Yang*, 104 AD3d 852, 852 [2d Dept 2013]; *see O'Shea v O'Shea*, 93 NY2d 187, 193 [1999]; Domestic Relations Law § 237 [b]). The evidence established that petitioner is in a superior financial position and that he heavily litigated this matter to purposely delay the proceedings in an effort to cause respondent to spend her more limited resources on the case (*see O'Shea v O'Shea*, 93 NY2d at 194; *Sutaria v Sutaria*, 123 AD3d 908, 908 [2d Dept 2014]). Thus, under the circumstances, the Referee properly exercised her discretion in determining that respondent should be completely reimbursed for the legal and expert fees she incurred, which were supported by her attorney's testimony and records.

Contrary to petitioner's contention, the court's determination was not undermined by its reference to the "rebuttable presumption" language of Domestic Relations Law § 237 (b), which petitioner maintains applies only when attorney's fees are sought by a "spouse." The statute expressly grants the court discretion to award attorney's fees in custody disputes to a "spouse or parent" (Domestic Relations Law § 237 [b]). Concur—Gonzalez, P.J., Mazzarelli, Renwick and Gische, JJ.