■ CLIFFORD ROTBERT, Appellant, v EDITH ROTBERT, Respondent. [33 NYS3d 732]—

Order, Supreme Court, New York County (Matthew F. Cooper, J.), entered May 7, 2015, which granted defendant's motion to reopen the judgment of divorce, dated January 12, 2015, to the extent of vacating the judgment and dismissing the case for failure to prosecute, unanimously affirmed, without costs.

Irrespective of the applicability of CPLR 3216 or whether the numerous conditions precedent to dismissal therein were satisfied prior to dismissal here, the untimely submission of the proposed judgment of divorce violated the Uniform Rules for Trial Courts (22 NYCRR) § 202.48, which provides, in pertinent part, that "[p]roposed orders or judgments, with proof of service on all parties where the order is directed to be settled or submitted on notice, must be submitted for signature, unless otherwise directed by the court, within 60 days after the signing and filing of the decision directing that the order be settled or submitted" and that "[f]ailure to submit the order or judgment timely shall be deemed an abandonment of the motion or action, unless for good cause shown."

It is clear from the December 5, 2007 transcript that the court directed plaintiff to settle judgment, which he failed to do. Furthermore, with respect to the seven-year delay, the court found that there was no good cause shown as plaintiff had failed to provide any explanation for the delay. Accordingly, the court was correct in vacating the erroneously signed judgment of divorce and dismissing the case as abandoned.

We have considered plaintiff's remaining arguments, and find them unavailing. Concur—Mazzarelli, J.P., Renwick, Moskowitz, Gische and Gesmer, JJ.