■ RONIT MITNIK, Respondent, v OLEG MITNIK, Appellant. ARONSON MAYEFSKY & SLOAN, LLP, Nonparty Respondent. [40 NYS3d 107]—

Appeal from order, Supreme Court, New York County (Lori S. Sattler, J.), entered August 2, 2016, which, to the extent appealed from, directed the Clerk to enter a judgment in favor of nonparty law firm (firm) and against defendant husband in the amount of $200,000 plus interest, deemed appeal from so much of judgment, same court and Justice, entered August 4, 2016, in the amount of $200,000 plus interest in favor of the firm and against defendant (CPLR 5520 [c]), and, so considered, judgment unanimously affirmed, without costs. Judgment, same court and Justice, entered April 12, 2016, in favor of the firm and against the husband in the total amount of

$308,284.93, and in favor of Financial Research Associates (FRA) and against the husband in the total amount of $77,071.23, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered December 1, 2015, which, to the extent appealed from as limited by the briefs, granted plaintiff wife's motion for interim counsel and expert fees to the extent of directing the husband to pay interim counsel fees to the firm in the amount of $300,000 and interim expert fees to FRA in the amount of $75,000, unanimously dismissed, without costs, as subsumed in the appeal from the judgment entered April 12, 2016. Order, same court and Justice, entered April 8, 2016, which, to the extent appealed from as limited by the briefs, denied the husband's motion to renew the wife's motion for interim counsel and expert fees, granted the wife's cross motion for an order directing the Clerk to enter a money judgment against the husband for the interim counsel and expert fees awarded plus interest, and granted the wife's cross motion for additional interim counsel fees to the extent of directing the husband to pay the firm an additional $200,000 in fees, unanimously affirmed as to the denial of the husband's motion, and the appeal otherwise dismissed, without costs, as subsumed in the appeals from the judgments.

The motion court providently exercised its discretion in awarding interim counsel and expert fees to the extent indicated, considering the circumstances of the case and the respective financial positions of the parties (Domestic Relations Law § 237 [a]; *Evgeny F. v Inessa B.*, 127 AD3d 617, 617 [1st Dept 2015]). The record demonstrates that the husband is in a superior financial position, has significant hidden assets, and heavily litigated the matter before the motion court (*O'Shea v O'Shea*, 93 NY2d 187, 190 [1999]; *Evgeny*, 127 AD3d at 617). Further, the wife's fee applications were substantiated with detailed invoices listing each service provided by date, and were supported by extensive affirmations outlining the work done, and to be done, at the time of the motions. Under the circumstances, the motion court properly determined that the firm, the wife's then-counsel, should be awarded the bulk of the legal fees requested and that FRA, the wife's financial expert, should be awarded the full amount of its requested fee (*Evgeny*, 127 AD3d at 617; *see Ahern v Ahern*, 94 AD2d 53, 58 [2d Dept 1983]).

The husband was not entitled to a hearing prior to the interim awards (*Meyer v Meyer*, 229 AD2d 354, 355 [1st Dept 1996]).

We have considered the husband's remaining contentions

and find them unavailing. Concur—Mazzarelli, J.P., Saxe, Moskowitz, Kahn and Gesmer, JJ.