Pirzada v Pirzada (2025 NY Slip Op 04665)

Pirzada v Pirzada

2025 NY Slip Op 04665

Decided on August 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
DEBORAH A. DOWLING
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2022-07291
 (Index No. 800381/22)

[*1]Asra Pirzada, respondent, 
v
Fozan Pirzada, appellant.

Richard A. Kraslow, P.C., Melville, NY, for appellant.
The Law Firm of Poppe & Associates, PLLC, New York, NY (Kamelia Poppe of counsel), for respondent.

DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Nassau County (Stacy D. Bennett, J.), entered August 23, 2022. The order, insofar as appealed from, denied the defendant's motion, inter alia, pursuant to CPLR 3211(a) to dismiss the amended complaint and granted that branch of the plaintiff's cross-motion which was pursuant to Domestic Relations Law § 237(a) for an award of expert fees to the extent of directing the defendant to pay 90% of the cost of a neutral business evaluator to be appointed by the court.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The parties were married in 1990 and have three emancipated children. In 2006, the defendant commenced an action for a divorce and ancillary relief (hereinafter the 2006 action). An agreement settling that action was placed on the record. On April 16, 2007, the Supreme Court entered an order directing the parties, pursuant to 22 NYCRR 202.48, to submit all papers required to have the court sign a judgment of divorce within 60 days, and stating that the failure to do so could result in the 2006 action being deemed abandoned pursuant to that court rule. It is undisputed that the requisite papers were never submitted and a judgment was not entered in the 2006 action. The parties continued to live together in matrimony for another 15 years, during which time the plaintiff contends that they started more than 16 businesses together.
In 2022, the plaintiff commenced this action for a divorce and ancillary relief. The defendant moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the amended complaint based upon the on-the-record stipulation of settlement in the 2006 action, to extend the parties' time to comply with the order entered April 16, 2007, and to submit all papers to have a judgment of divorce entered in the 2006 action. The plaintiff cross-moved, inter alia, pursuant to Domestic Relations Law § 237(a) for an award of expert fees. In an order entered August 23, 2022, the Supreme Court, among other things, denied the defendant's motion and granted that branch of the plaintiff's cross-motion to the extent of directing the defendant to pay 90% of the cost of a neutral business evaluator to be appointed by the court. The defendant appeals.
A proposed order or judgment, "with proof of service on all parties where the order is directed to be settled or submitted on notice, must be submitted for signature, unless otherwise directed by the court, within 60 days after the signing and filing of the decision directing that the [*2]order be settled or submitted" (22 NYCRR 202.48[a]). The failure to timely submit the order or judgment "shall be deemed an abandonment of the motion or action, unless for good cause shown" (id. § 202.48[b]). Here, the 2006 action and the settlement agreement reached to dispose of it were deemed abandoned upon the parties' failure to timely submit a proposed judgment to the court (see Lewis v Reeves, 236 AD3d 777, 780; Bove v Bove, 189 AD3d 1151, 1153; Rotbert v Rotbert, 140 AD3d 672, 672; Brady v Brady, 271 AD2d 563, 564). Further, the defendant failed to demonstrate good cause for the 15-year delay, during which time the marriage continued. Contrary to the defendant's contention, the oral stipulation did not survive the abandoned action, as the plain terms of the agreement were limited to resolving the 2006 action (see Whitney v Whitney, 254 AD2d 274, 275). Accordingly, the Supreme Court properly denied the defendant's motion, inter alia, pursuant to CPLR 3211(a) to dismiss the amended complaint.
In view of the relative financial circumstances of the parties, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's cross-motion which was pursuant to Domestic Relations Law § 237(a) for an award of expert fees to the extent of directing the defendant to pay 90% of such fees (see Nadasi v Nadel-Nadasi, 153 AD3d 1346, 1351; Mitnik v Mitnik, 144 AD3d 428, 429).
BRATHWAITE NELSON, J.P., DOWLING, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court