■ ANTHONY GANGI, Appellant, et al., Plaintiff, v SOLGAR Co., INC., Respondent, et al., Defendants. [699 NYS2d 922] —In an action, *inter alia*, to set aside personal guarantees, the plaintiff Anthony Gangi appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (Franco, J.), entered September 29, 1998, as, upon an order of the same court entered July 22, 1998, which, among other things, granted the motion of Solgar Vitamin and Herb Company, Inc., s/h/a Solgar Co., Inc., for summary judgment dismissing the complaint insofar as asserted against it and on its first and second counterclaims, is in favor of that defendant and against it on the first and second counterclaims.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

On its motion for summary judgment on its first and second counterclaims, the defendant Solgar Vitamin and Herb Company, Inc., s/h/a Solgar Co., Inc. (hereinafter Solgar), demonstrated its entitlement to judgment as a matter of law by submitting proof of the underlying contract, promissory note, guarantees, and the appellant's default (*see,* CPLR 3212; *Capital Circulation Corp. v Gallop Leasing Corp.,* 248 AD2d 578). It was thus incumbent upon the appellant to demonstrate, by admissible evidence, the existence of a triable issue of fact with respect to a bona fide defense of the counterclaims (*see, George L. Penny, Inc. v Zaweski,* 254 AD2d 255; *Colonial Commercial Corp. v Breskel Assocs.,* 238 AD2d 539). The appellant's unsupported conclusory allegations of, *inter alia*, fraud in the inducement were insufficient to defeat the motion (*see, Zuckerman v City of New York,* 49 NY2d 557; *Capital Circulation Corp. v Gallop Leasing Corp., supra*; *SCP [Bermuda] v Bermudatel Ltd.,* 224 AD2d 214; *Raven El. Corp. v Finkelstein,* 223 AD2d 378).

The appellant's remaining contentions are without merit. Bracken, J. P., Thompson, Friedmann and Smith, JJ., concur.