■ DELTA ENTERPRISE CORP., Appellant, v RALPH COHEN, Respondent. [940 NYS2d 43]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered September 15, 2011, which, insofar as ap-

pealed from, upon granting plaintiff's motion for a preliminary injunction, declined to enforce the tolling provision contained in the restrictive covenant at issue, unanimously modified, on the law, by extending the duration of the existing preliminary injunction until March 1, 2013 or resolution at trial, whichever is earlier, and otherwise affirmed, without costs.

Plaintiff amply demonstrated, by clear and convincing evidence, its entitlement to a preliminary injunction preventing defendant from breaching the restrictive covenants of the confidentiality agreement (*see* CPLR 6301; *Nobu Next Door, LLC v Fine Arts Hous., Inc.*, 4 NY3d 839, 840 [2005]). The provisions are temporally and geographically reasonable and necessary to protect plaintiff's legitimate business interests (*see BDO Seidman v Hirshberg*, 93 NY2d 382, 389 [1999]; *Crown IT Servs., Inc. v Koval-Olsen*, 11 AD3d 263, 264 [2004]).

However, the preliminary injunction should not have deviated from the durational terms set forth in the confidentiality agreement's tolling provision because there was an abundance of unrefuted documentary evidence showing that it was likely that defendant had repeatedly breached multiple provisions of the agreement, and that he continued to do so after the motion court issued the temporary restraining order. The agreement's tolling provision provides for the tolling of the various restrictive periods "during any period in which Employee is in violation" of the restrictive covenants, and provides that "all restrictions shall automatically be extended by the period Employee was in violation of any such restrictions."

We reject defendant's argument that such a provision is, as a matter of law, unenforceable or violates public policy especially where, as here, there was evidence that defendant consulted with counsel before executing the agreement, that he received $50,000 in consideration thereof, and there are significant and multiple indications of his bad faith (*see Chernoff Diamond & Co. v Fitzmaurice, Inc.*, 234 AD2d 200, 202 [1996]; *Maltby v Harlow Meyer Savage*, 223 AD2d 516 [1996], *lv dismissed* 88 NY2d 874 [1996]). Considering this, extending the duration of the preliminary injunction until two years after entry of the temporary restraining order, or until resolution at trial, whichever is earlier, appears to be the only means by which to ensure the preservation of the status quo pending a final resolution of this action (*see New York Real Estate Inst., Inc. v Edelman*, 42 AD3d 321 [2007]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Gonzalez, P.J., Sweeny, Moskowitz, Renwick and Richter, JJ.