HENRY PEZZO, Appellant, v 26 SEVENTH AVENUE SOUTH, LLC, Respondent, et al., Defendants. [41 NYS3d 62]—

In an action, inter alia, to recover damages for breach of a lease, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated August 13, 2014, as denied those branches of his motion which were for summary judgment on the first, second, and third causes of action and to dismiss the counterclaims of the defendant 26 Seventh Avenue South, LLC.

Ordered that the order is modified, on the law and the facts, (1) by deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment on the third cause of action, and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provision thereof denying that branch of the plaintiff's motion

which was to dismiss the counterclaims of the defendant 26 Seventh Avenue South, LLC, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

In August 2012, the plaintiff (hereinafter the tenant) entered into a one-year lease with the defendant 26 Seventh Avenue South, LLC (hereinafter the landlord), for a rent-stabilized apartment in Manhattan, and paid the landlord a security deposit in the sum of $6,300. The lease provided that the security deposit would be returned to the tenant within "60 days after" the lease was terminated as long as the tenant did not breach the lease. After the lease terminated, the tenant requested the return of his security deposit. When the landlord failed to return it, the tenant commenced this action alleging that the landlord breached the lease. In its answer, the landlord asserted counterclaims alleging that the tenant had breached the lease by vacating the apartment after the expiration of the lease and had damaged the apartment, necessitating repairs in the sum of $12,000. The Supreme Court properly denied those branches of the tenant's motion which were for summary judgment on the first and second causes of action, which were to recover damages for rent overcharges for the security deposit, and advance payment of rent, respectively. The tenant failed to establish, prima facie, that there had been a rent overcharge (see Johnson v S.W. Mgt., LLC, 114 AD3d 590 [2014]).

However, the Supreme Court should have granted that branch of the tenant's motion which was for summary judgment on the third cause of action. The tenant established his prima facie entitlement to judgment as a matter of law on the cause of action alleging breach of the lease for failing to return the security deposit (see General Obligations Law § 7-103). The evidence established that the tenant paid the landlord a security deposit and vacated the apartment a few days before the lease terminated. In opposition, the landlord failed to raise a triable issue of fact. Contrary to the landlord's contention, the tenant's failure to return the keys prior to the expiration of the lease did not show a failure to surrender (see generally First Natl. City Bank v Wall St. Leasing Corp., 80 Misc 2d 707, 709 [Civ Ct, New York County 1974). Furthermore, there was no provision in the lease requiring the tenant to notify the landlord that he was vacating the apartment. In fact, the "Tenant Cooperation Rider" stated that such notice was not required. Moreover, the landlord failed to submit evidentiary proof that the tenant damaged the apartment.

The Supreme Court also erred in denying that branch of the tenant's motion which was for summary judgment dismissing the landlord's counterclaims. In opposition to his prima facie showing of entitlement to summary judgment, the landlord failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]). Rivera, J.P., Leventhal, Roman and LaSalle, JJ., concur.