■ Brooklyn Store, LLC, Respondent, v Allen Rosenberg et al., Appellants. [44 NYS3d 117]—

In an action to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Kings County (Schmidt, J.), dated August 12, 2014, which denied their motion, in effect, to enjoin the plaintiff from entering a clerk's judgment against them upon their alleged failure to comply with a stipulation of settlement dated April 22, 2013, and to direct the plaintiff to accept their final installment payment under the stipulation of settlement.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion, in effect, to enjoin the plaintiff from entering a clerk's judgment against them upon their alleged failure to comply with a stipulation of settlement dated April 22, 2013, and to direct the plaintiff to accept their final

installment payment under the stipulation of settlement is granted.

The parties entered into a stipulation of settlement pursuant to which the defendants were to pay $75,000 to the plaintiff in monthly installments, on the 15th day of each month, with the final installment due on January 15, 2014. The stipulation provided that, "[i]f the Defendants fail to make any Installment Payment . . . within five (5) days after the Installment Payment is due," upon written notice of the default, and upon the failure of the defendants to cure the default within five days of receipt of the notice of default, the plaintiff could file an affidavit of noncompliance and a judgment against the defendants in the principal sum of $169,000, minus any payments made pursuant to the stipulation of settlement.

On January 16, 2014, the plaintiff sent the defendants by overnight mail a notice of default, and on that same day the defendants sent the plaintiff a check for the final installment. When the plaintiff deposited the check, it did not clear. It is undisputed that upon being advised that the check did not clear, the defendants offered to pay the final installment by certified check, but the plaintiff refused the offer. Instead, on January 23, 2014, the plaintiff filed an affidavit of noncompliance, which referenced the defendants' failure to make the scheduled payment on January 15, 2014, as a default, and a proposed judgment against the defendants for the principal sum of $102,833.12.

The defendants moved, in effect, to enjoin the plaintiff from entering the clerk's judgment against them and to direct the plaintiff to accept their tender of the final installment due under the stipulation of settlement. The Supreme Court denied the defendants' motion, and we reverse.

By the terms of the stipulation, where the defendants failed to make an installment payment "within five (5) days after the Installment Payment was due," they were entitled to a notice of default "setting forth the nature of the default" and an opportunity to cure within five days (see Furgang v Epstein, 106 AD2d 609, 610 [1984]). Here, the notice sent by the plaintiff on January 16, 2014, was premature, in that it was sent prior to the defendants' tender of the check that failed to clear within the initial five-day period. In any event, the plaintiff failed to give the defendants an opportunity to cure after that notice was sent. Accordingly, the Supreme Court should have granted the defendants' motion, in effect, to enjoin the plaintiff from entering the clerk's judgment against them and to direct the plaintiff to accept their final installment payment under the

stipulation of settlement. Hall, J.P., Hinds-Radix, Maltese and Barros, JJ., concur.