OPINION OF THE COURT
Sabrina B. Kraus, J.
Background
This action was commenced by Arrow Financial Services, LLC, A/P/O Credit Max (plaintiff) against Kareem R. Benjamin (defendant) seeking $997.62 plus interest, based on the allegation that defendant entered into a credit card agreement with plaintiff’s predecessor in interest and failed to pay amounts due under said account.
Procedural History
The summons and complaint are dated September 21, 2009, and were filed on October 1, 2009.
The affidavit of service states that service was made by substituted service and delivery to Althea Benjamin, alleged to be a person of suitable age and discretion, and residing with defendant at 2010 Grand Avenue, apartment 1C, Bronx, New York on October 14, 2009. Proof of service was filed on October 20, 2009.
Defendant appeared pro se on November 4, 2009, asserting no defenses and stating he wished to enter into a payment plan with plaintiff to resolve the matter. The answer asserted that defendant’s address was 1155 Morrison Avenue, apartment ID, Bronx, New York 10472. The action was placed on the court’s calendar for a conference on December 1, 2009 at 10:30 a.m.
*485 On that date, the parties entered into a stipulation of settlement providing that defendant would pay a total of $1,000, at the rate of $100 per month, commencing on December 30, 2009, and continuing every month thereafter until the amount was paid in full. The stipulation further provided that, in the event of a default, plaintiff would issue a 10 day notice, and that if there was no cure, plaintiff could submit for the entry of a judgment without further notice to defendant. The stipulation was so-ordered by Hon. Irving Rosen, J.H.O.
Paragraph 5 of the stipulation provided in pertinent part:
“SHOULD ANY PAYMENT NOT BE RECEIVED BY THE DUE DATE . . . AND THE PAYMENT NOT BE RECEIVED WITHIN 10 DAYS AFTER WRITTEN NOTIFICATION TO DEFENDANT . . . PLAINTIFF SHALL HAVE THE RIGHT TO ENTER JUDGMENT WITHOUT FURTHER NOTICE, FOR THE SUIT AMOUNT, LESS ANY PAYMENTS MADE, TOGETHER WITH ATTORNEY’S FEES, INTEREST, COSTS AND DISBURSEMENTS.”
On January 7, 2010, plaintiff submitted an affidavit of default asserting that defendant had failed to make any payment, and that notice of the default was given on December 30, 2009. The judgment was rejected by the court clerk, pursuant to a notice dated March 10, 2010, because plaintiff had used the incorrect address for defendant on the affidavit of default. It appears from reviewing the court file that, rather than submit new papers and do a new mailing of a notice to cure with the proper address, someone just used white out to delete the address on the original affidavit, wrote in the correct address by hand over the white out, and resubmitted the documents for entry of a judgment.
Judgment was entered by the clerk on April 19, 2010 in the amount of $1,204.13.
A consent to change attorney for plaintiff was filed on or about January 30, 2015.
On or about December 27, 2016, defendant received a notice of garnishment in connection with the judgment herein.
The Pending Motion
On January 25, 2017, defendant moved for an order vacating the judgment and restoring the action to the calendar and re *486 lated relief. Defendant alleged that plaintiff has “a history of violations of the Fair Debt Collection Act” and that he wanted to verify that the debt was his. Defendant also alleged he had paid part of the debt. On that date, counsel appeared on behalf of defendant, plaintiff filed opposition papers, and the motion was adjourned to February 23, 2017, based on an affirmation of actual engagement submitted by defendant’s attorney.
The motion was further adjourned by the parties to March 10, 2017, April 10, 2017 and May 10, 2017. On May 10, 2017, the court marked the motion submitted and reserved decision.
Discussion
Stipulations of settlement, entered in a court action and so-ordered by the court, are binding contracts, which are favored and will not be lightly cast aside by the court (Hallock v State of New York, 64 NY2d 224 [1984]). To the extent that defendant seeks to vacate or modify the terms of the underlying stipulation, the moving papers fail to set forth a basis for that relief. “Only where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation” (id. at 230). No such cause is set forth in the moving papers, and that part of defendant’s motion is denied.
 However, there were several defects in plaintiff’s entry of the default judgment herein, and binding appellate authority suggests that the clerk was without authority to enter the underlying judgment.
Plaintiff Failed to Establish That it Properly Issued a Notice of Default
It is the plaintiff’s burden to show proof of mailing of a proper notice of default (Solid Gold Constr. v Robertson, 1 Misc 3d 136[A], 2003 NY Slip Op 51662[U] [2003]; Capital One Bank v Hembrick, 17 Misc 3d 1128[A], 2007 NY Slip Op 52177[U] [2007]; JTM Group, Inc. v Fleischman, 2001 NY Slip Op 40456 [U] [2001]; CACV of Colo., LLC v Atekha, 24 Misc 3d 1250[A], 2009 NY Slip Op 51938[U] [2009]). In this case, it is clear that no such mailing was done. Nor was any copy of the notice allegedly mailed filed with the court in support of the application for entry of a judgment.
*487 The affirmation submitted in support of entry of the judgment states in pertinent part: “DEFENDANT DEFAULTED IN MAKING PAYMENTS. WRITTEN NOTICE OF DEFAULT WAS GIVEN ON 12/30/09 TO DEFENDANT/S—DEFENDANT’S ATTORNEY—AND JUDGMENT IS REQUESTED ON THE DEFAULT.”
As noted above, the judgment was originally rejected by the clerk, but based on an examination of the original documents in the court file, rather than submit a new application, white out was used on the original to change the address of the defendant to the correct address. No further mailing to the correct address on a different date was ever asserted by plaintiff. Nor do plaintiffs opposition papers address this issue at all. In the opposition papers, counsel merely states they did not represent plaintiff when the judgment was entered, and makes no further representations regarding the notice of default.
Additionally, pursuant to the terms of the stipulation, the payment was not due until December 30, 2009, and plaintiff was not entitled to submit for the entry of a judgment until after affording defendant a 10 day cure period. The alleged notice of default was issued prematurely on December 30, 2009, and the application for entry of a default judgment submitted on January 7, 2010, was also premature (Brooklyn Store, LLC v Rosenberg, 145 AD3d 844 [2016]). Even if the notice was properly mailed on December 30, 2009, and ignoring for the moment that plaintiff should not have issued a notice prior to December 31, 2009, 10 days would have taken the parties through January 9, 2010. Assuming said notice was mailed, an additional five days should have been added to the cure period, assuming said notice was delivered by mail as the method is not specified in the affirmation in support (see e.g. CPLR 2103 [b] [2]; Manhattan Coll, v Akinbola-Lee, 18 Misc 3d 1137[A], 2008 NY Slip Op 50337 [U] [2008]; Brooklyn Store, LLC v Rosenberg, 145 AD3d 844 [2016]).
These defects in themselves would be sufficient to vacate the judgment entered on default, but there are additional infirmities with the entry of the default judgment in this case.
The Terms of the Stipulation Required for Service of a Notice of Default and Did Not Contemplate Entry of a Sum Certain Thus Entry of a Judgment without a Motion was Not Permitted
CPLR 3215 (i) (1) provides in pertinent part:
*488 “Where, after commencement of an action, a stipulation of settlement is made, providing, in the event of failure to comply with the stipulation, for entry without further notice of a judgment in a specified amount . . . the clerk shall enter judgment on the stipulation and an affidavit as to the failure to comply with the terms thereof, together with a complaint or a concise statement of the facts on which the claim was based.”
In a case almost directly on point, and where the plaintiff was represented by the same law firm as is now representing the plaintiff in this action, the Appellate Division, Second Department, held that stipulations of settlement, such as those in the case at bar, do not allow for entry of a judgment by the clerk pursuant to CPLR 3215 (i), but in fact require that a motion be made to the court for said relief. The Court held in pertinent part:
“However, the . . . County Clerk did not have authority to enter a clerk’s judgment against [defendant] pursuant to CPLR 3215 (i) (1). This statute states, in relevant part, that ‘[w]here ... a stipulation of settlement is made, providing, in the event of failure to comply with the stipulation, for entry without further notice of a judgment in a specified amount . . . the clerk shall enter judgment on the stipulation and an affidavit as to the failure to comply with the terms thereof, together with a complaint or a concise statement of the facts on which the claim was based’ (CPLR 3215 [i] [1] [emphasis added]). Although the stipulation provided that [plaintiff] could enter a money judgment against [defendant] in the event of a default, it permitted entry of such a judgment only ‘upon ten (10) days notice’ to [defendant]. Thus, the stipulation was not one which provided for entry of a judgment upon default ‘without further notice.’ Moreover, the stipulation did not provide for entry of a judgment ‘in a specified amount.’ Rather, it provided that the judgment to be entered upon [defendant’s] default would be calculated so as to ‘credit [defendant] for all payments made on account.’ The stipulation thus did not specify the exact principal sum of the judgment that [plaintiff] would have the right to enter based on a default by [defendant] under the stipulation; rather, it provided for a formula *489 that required reference to extrinsic proof as to exactly how much [defendant] might have already paid to [plaintiff! prior to the default, or prior to the judgment. Accordingly, the entry of a clerk’s judgment was not authorized by CPLR 3215 (i) (1). “Furthermore, as a general rule, a clerk’s judgment should not be entered where, as here, the amount of the judgment can be determined only by reference to extrinsic proof (see Stephan B. Gleich & Assoc. v Gritsipis, 87 AD3d 216, 221-222 [2011]; see also Vinny Petulla Contr. Corp. v Ranieri, 94 AD3d 751 [2012]; Dante Piano Serv. Corp. v Haedrich, 42 Misc 3d 136[A], 2014 NY Slip Op 50125[U], *1 [App Term, 9th & 10th Jud Dists 2014]). Generally, a judgment should be entered on application to the clerk only where ‘there can be no dispute as to the amount due’ (Reynolds Sec. v Underwriters Bank & Trust Co., 44 NY2d 568, 572 [1978]). Under these circumstances, [plaintiff] was required to apply to the court, rather than to the clerk, for an order enforcing the stipulation and granting leave to enter an appropriate judgment (see Stephan B. Gleich & Assoc. v Gritsipis, 87 AD3d at 222).” (HSBC Bank USA, N.A. v Wielgus, 131 AD3d 510, 511-512 [2d Dept 2015] [some emphasis added]; see also Mashatt v Alsahlani, 139 AD3d 820 [2016]; but cf. Chase Manhattan Bank v Mohamed, 1 Misc 3d 133[A], 2003 NY Slip Op 51626[U] [2003]; Star Off. Supply Co. v Galton, 56 Misc 2d 288 [1968].)
Given this binding legal precedent, the court finds the clerk lacked authority to enter the underlying judgment, rendering such judgment void ab initio (Geer, Du Bois & Co. v Scott & Sons Co., 25 AD2d 423 [1966]; Gaynor & Bass v Arcadipane, 268 AD2d 296 [2000]). As such, the motion is granted to the extent of vacating the underlying judgment. All liens, garnishments and income executions are also vacated. The balance of the relief sought is denied.