■ COMMUNITY NATIONAL BANK, Respondent, v HOLLIS CARE GROUP, INC., et al., Appellants. [63 NYS3d 488]—In an action, inter alia, for replevin and to recover money due on a promissory note and the personal and corporate guarantees thereon, the defendants appeal from a judgment of the Supreme Court, Nassau County (Parga, J.), entered January 30, 2015, which, upon an order of the same court entered December 18, 2014, granting those branches of the plaintiff's motion which were for summary judgment on the first, fourth, and fifth causes of action and dismissing the counterclaims, is in favor of the plaintiff and against them in the principal sum of $2,977,240.79.

Ordered that the judgment is affirmed, with costs.

In May 2014, the plaintiff, Community National Bank, commenced this action alleging that a promissory note by the defendant Hollis Care Group, Inc. (hereinafter Hollis), was in default, and that the personal and corporate guarantees executed by the remaining defendants, as well as the security agreement pledging security interest in all of Hollis's assets, were in breach and default. The plaintiff sought immediate possession of the collateral as well as the remaining sum due on the note. The defendants asserted several counterclaims. Eventually, the plaintiff moved for summary judgment on the complaint and dismissing the counterclaims. The defendants opposed the motion. The Supreme Court awarded the plaintiff

summary judgment on the first (breach of contract), fourth (replevin), and fifth (breach of guarantees) causes of action, and dismissing the counterclaims. A judgment was entered in the principal sum of $2,977,240.79, and the defendants appeal.

The plaintiff made a prima facie showing of entitlement to judgment as a matter of law on the first, fourth, and fifth causes of action and dismissing the counterclaims (*see Ahmad v Luce*, 147 AD3d 888, 888 [2017]; *Gangi v Solgar Co.*, 267 AD2d 350, 350 [1999]; *cf. Agai v Diontech Consulting, Inc.*, 64 AD3d 622, 623 [2009]). In opposition, the defendants failed to demonstrate the existence of a triable issue of fact. Specifically, none of the contentions raised by the defendants concerned the validity of the note or the guarantees (*see Ahmad v Luce*, 147 AD3d at 888; *Gangi v Solgar Co.*, 267 AD2d at 350). The defendants' remaining contention is without merit. Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the first, fourth, and fifth causes of action, and dismissing the counterclaims. Dillon, J.P., Balkin, Hall and LaSalle, JJ., concur.