Melrose Credit Union v Matatov (2020 NY Slip Op 05897)





Melrose Credit Union v Matatov


2020 NY Slip Op 05897


Decided on October 21, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 21, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2017-09191
2018-00140
 (Index No. 714295/16)

[*1]Melrose Credit Union, appellant, 
v
Sipro Matatov, et al., respondents (and a third-party action).


Jaspan Schlesinger LLP, Garden City, NY (Kevin J. Etzel and Christopher D. Palmieri of counsel), for appellant.
Cobert Haber & Haber LLP, Garden City, NY (Eugene F. Haber of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, for replevin and to recover on a promissory note, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Rudolph E. Greco, Jr., J.), entered July 26, 2017, and (2) an order of the same court entered October 30, 2017. The order entered July 26, 2017, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the first, fourth, eighth, and eleventh causes of action. The order entered October 30, 2017, insofar as appealed from, upon reargument, adhered to the original determination in the order entered July 26, 2017, denying those branches of the plaintiff's motion which were for summary judgment on the first, fourth, eighth, and eleventh causes of action.
ORDERED that the appeal from the order entered July 26, 2017, is dismissed, as the portions of the order appealed from were superseded by the order entered October 30, 2017, made upon reargument; and it is further,
ORDERED that the order entered October 30, 2017, is reversed insofar as appealed from, on the law, the determination in the order entered July 26, 2017, denying those branches of the plaintiff's motion which were for summary judgment on the first, fourth, eighth, and eleventh causes of action is vacated, and those branches of the plaintiff's motion which were for summary judgment on the first, fourth, eighth, and eleventh causes of action are granted; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff commenced this action, inter alia, for replevin and to recover money due on a promissory note. As relevant here, the complaint alleged that the defendants Sipro Matatov and Shell Express Cab Corp. executed a balloon promissory note in the sum of $1,200,000 in favor of the plaintiff, along with a related security agreement in favor of the plaintiff. The complaint further alleged that Matatov and the defendant Michael, Adam, Jesse Express Cab Corp., also known as Michael Adam Jesse Express Cab Corp., executed a separate balloon promissory note in the sum of $1,200,000 in favor of the plaintiff, along with a related security agreement in favor of the plaintiff.
The complaint alleged that, under the terms of the two notes, the defendants were [*2]required to make 35 successive monthly payments of principal and interest, to be followed by a final balloon payment on the maturity date of each of the loans. The plaintiff alleged that the defendants defaulted under the terms of the two notes by failing to pay the balances of the loans on the maturity date.
The first and eighth causes of action asserted in the complaint sought to recover damages for breach of contract. In this regard, the plaintiff sought to recover, among other things, the outstanding principal balance of $1,105,000 with respect to each of the notes. The fourth and eleventh causes of action asserted in the complaint were for replevin. In this regard, the plaintiff sought immediate possession of the collateral pledged in the security agreements.
The defendants interposed a verified answer in which they generally denied certain factual allegations in the complaint. The defendants did not assert any affirmative defenses.
The plaintiff subsequently moved for, among other relief, summary judgment on the first, fourth, eighth, and eleventh causes of action. The defendants opposed the plaintiff's motion. In an order entered July 26, 2017, the Supreme Court, inter alia, denied those branches of the plaintiff's motion.
The plaintiff thereafter moved for, among other relief, leave to reargue those branches of its prior motion which were for summary judgment on the first, fourth, eighth, and eleventh causes of action. In an order entered October 30, 2017, the Supreme Court, inter alia, granted reargument and, upon reargument, adhered to its original determination in the order entered July 26, 2017, denying those branches of the plaintiff's motion. The plaintiff appeals.
"To establish a prima facie case in an action to recover on a promissory note, the plaintiff must submit the note, along with evidence of the defendants' failure to make payments on the note according to its terms" (Bethpage Fed. Credit Union v Luzzi, 177 AD3d 944, 945; see Castle Restoration & Constr., Inc. v Castle Restoration, LLC, 122 AD3d 789, 789-790). Here, the plaintiff established, prima facie, its entitlement to summary judgment on the first and eighth causes of action by establishing the existence of each promissory note executed by the respective defendants, and by demonstrating that the defendants defaulted by failing to make the final balloon payment on the maturity date of each of the loans (see Rachmany v Regev, 115 AD3d 840, 841; Gullery v Imburgio, 74 AD3d 1022, 1022; Pennsylvania Higher Educ. Assistance Agency v Musheyev, 68 AD3d 736, 736).
In opposition to the plaintiff's prima facie showing with respect to the first and eighth causes of action, the defendants failed to raise a triable issue of fact. The defendants conceded that "there [was] no dispute as to the fact that loan documents were signed and money was transferred." The defendants also conceded that they had failed to make the final balloon payments in accordance with the terms of the respective notes. The defendants nevertheless maintained that the plaintiff was not entitled to summary judgment because the plaintiff had failed to establish that it sent a timely notice of default to the defendants, and because they raised a triable issue of fact as to whether the plaintiff and the defendants had agreed to oral modifications of the two notes and the two security agreements.
Contrary to the defendants' contention, the plaintiff was not required to establish that it sent a timely notice of default to them in order to establish its prima facie entitlement to judgment as a matter of law on its first and eighth causes of action. Although the notes provide that the holder "may send written notice" of a default to the defendants, there is nothing in the notes or the security agreements that required the plaintiff to do so before it was entitled to enforce the note upon the defendants' defaults (cf. Brooklyn Store, LLC v Rosenberg, 145 AD3d 844, 845; HSBC Mtge. Corp. [USA] v Gerber, 100 AD3d 966, 966-967). Nor have the defendants cited to any statutory notice requirement (cf. RPAPL 1304). Accordingly, we reject the defendants' contention that written notice of default was a condition precedent to commencing or maintaining this action.
The defendants' further contention—that they demonstrated the existence of a triable [*3]issue of fact as to whether the notes were orally modified—is also without merit. Regardless of whether the notes or security agreements contained a clause prohibiting oral modifications, and regardless of the applicability of General Obligations Law §§ 15-301 or 5-1103, the defendants failed to raise a triable issue of fact as to whether the parties agreed to an oral modification of the notes or security agreements. The defendants merely submitted an affidavit from Matatov in which she alleged that on an unspecified date an unidentified representative from the plaintiff "instructed [her] to continue to make payments even if less than the amount due and despite the fact that the balloon payment date had passed." The defendants provided no further description of the alleged oral modifications. The defendants failed to set forth evidentiary details such as when, where, or by whom the alleged oral modifications were made, and they failed to even allege that the plaintiff had agreed to a new maturity date for the two loans or to the amount of the allegedly new monthly payments. Accordingly, the defendants failed to establish, or even adequately allege, that they and the plaintiff agreed to all of the material terms of the alleged oral modifications (see Josephson LLC v Column Fin., Inc., 94 AD3d 479, 479; Robert Half Intl. v Re-Track USA Inc., 261 AD2d 376, 377). The evidence upon which the defendants rely reflected, at most, a mere agreement to agree which is too indefinite to be enforceable, and their submissions were insufficient to raise a triable issue of fact as to whether the notes were orally modified (see Josephson LLC v Column Fin., Inc., 94 AD3d 479, 479; Pratt v BII Inc., 297 AD2d 542, 542). Under the circumstances, upon reargument, the Supreme Court should have granted those branches of the plaintiff's motion which were for summary judgment on the first and eighth causes of action.
The plaintiff was also entitled to summary judgment on its fourth and eleventh causes of action for replevin. "The action of replevin is essentially possessory in its nature" (Roach v Curtis, 191 NY 387, 390; see Southeast Fin., LLC v Broadway Towing, Inc., 117 AD3d 715, 715; Americredit Fin. Servs., Inc. v Decoteau, 103 AD3d 761, 762). "A cause of action sounding in replevin must establish that the defendant is in possession of certain property of which the plaintiff claims to have a superior right" (Nissan Motor Acceptance Corp. v Scialpi, 94 AD3d 1067, 1068; see Southeast Fin., LLC v Broadway Towing, Inc., 117 AD3d at 715; Batsidis v Batsidis, 9 AD3d 342).
Here, the plaintiff established, prima facie, that the defendants were in default under the terms of the respective notes and that, under the terms of the respective security agreements, it was entitled to take immediate possession of the collateral pledged therein (see generally Community Natl. Bank v Hollis Care Group, Inc., 155 AD3d 604, 605). In opposition, the defendants failed to raise a triable issue of fact. Accordingly, upon reargument, the Supreme Court should have granted those branches of the plaintiff's motion which were for summary judgment on its fourth and eleventh causes of action.
In light of the foregoing, we need not address the parties' remaining contentions.
ROMAN, J.P., COHEN, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court