Melrose Credit Union v Itskovich (2022 NY Slip Op 04799)

Melrose Credit Union v Itskovich

2022 NY Slip Op 04799

Decided on August 3, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
DEBORAH A. DOWLING, JJ.

2019-12607
 (Index No. 705106/18)

[*1]Melrose Credit Union, respondent, 
v
Ruvin Itskovich, et al., appellants.

Fox Rothschild LLP, New York, NY (Brett A. Berman of counsel), for appellants.
Jaspan Schlesinger LLP, Garden City, NY (Victoria A. Gionesi of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover on promissory notes, the defendants appeal from an order of the Supreme Court, Queens County (Leonard Livote, J.), entered October 8, 2019. The order denied the defendants' motion for a preliminary injunction.
ORDERED that the order is affirmed, with costs.
On December 18, 2014, the defendant Ruvin Itskovich entered into seven loan agreements on behalf of the corporate defendants. Itskovich executed seven promissory balloon notes in favor of the plaintiff—six of them in the sum of $531,300 and one in the sum of $781,500, which were secured by taxi medallions owned by the corporate defendants. The notes were payable in full by December 18, 2017. In November 2017, the parties agreed to extend the maturity date of the notes by three months, with the intent of entering into an agreement to refinance the notes. However, no such agreement was reached, and in April 2018, the plaintiff commenced this action alleging that the defendants had defaulted under the terms of the notes.
On June 19, 2019, the plaintiff allegedly attempted to seize the seven taxi medallions. By order to show cause filed June 24, 2019, the defendants moved for a preliminary injunction to enjoin the plaintiff from seizing the medallions. In an order entered October 8, 2019, the Supreme Court denied the motion on the ground that the defendants had failed to establish the probability of success on the merits. The defendants appeal.
On a motion for a preliminary injunction, the movant has the burden of demonstrating that (1) the movant will likely succeed on the merits of the action, (2) the movant will suffer irreparable injury absent the issuance of a preliminary injunction, and (3) the balance of equities is in favor of the movant (see CPLR 6301; Recine v Recine, 201 AD3d 827; Berman v TRG Waterfront Lender, LLC, 181 AD3d 783, 785).
In order to establish its right to recover on a promissory note, the plaintiff must submit the note, along with evidence of the defendants' failure to make payments on the note according to its terms (see Melrose Credit Union v Matatov, 187 AD3d 1009, 1011-1013; Bethpage Fed. Credit Union v Luzzi, 177 AD3d 944, 945; Castle Restoration & Constr., Inc. v Castle [*2]Restoration, LLC, 122 AD3d 789, 789-790).
Here, the plaintiff attached to its complaint copies of the seven promissory notes executed by the defendants and the letters that were sent after the maturity date, stating that the payments had not been made and were due. The defendants did not deny that they had failed to make the balloon payments, but argued that the parties had agreed, orally and in writing, to modify the seven loans. However, the defendants failed to submit any evidence of a written loan modification. Moreover, the defendants failed to set forth any evidentiary details as to when, where, or by whom the alleged oral modifications were made. The evidence upon which the defendants rely reflected that the parties had discussed modifying the loans but that they had never reached an agreement to do so. Accordingly, the defendants failed to demonstrate a likelihood of success on the merits and thus, their motion for a preliminary injunction was properly denied (see Doe v Axelrod, 73 NY2d 748, 751; Schlossberg v DeFalco, 163 AD3d 886, 888).
The defendants' remaining contentions are improperly raised for the first time on appeal.
DILLON, J.P., ROMAN, MALTESE and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court