Power-Flo Tech., Inc. v Crisp (2024 NY Slip Op 05231)

Power-Flo Tech., Inc. v Crisp

2024 NY Slip Op 05231

Decided on October 23, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 23, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2023-00342
 (Index No. 610365/22)

[*1]Power-Flo Technologies, Inc., appellant,
v
Dale Crisp, respondent.

Robert J. Ansell, New Hyde Park, NY, for appellant.
Dale Crisp, Grand Island, NY, respondent pro se.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and for injunctive relief, the plaintiff appeals from an order of the Supreme Court, Nassau County (Jerome C. Murphy, J.), entered December 13, 2022. The order denied the plaintiff's motion for a preliminary injunction, among other things, enjoining the defendant from contacting or soliciting the plaintiff's customers, employees, and vendors.
ORDERED that the order is affirmed, with costs.
In August 2022, the plaintiff commenced this action against the defendant, its former employee, inter alia, to recover damages for breach of contract and for injunctive relief. The plaintiff alleged, among other things, that the defendant signed a confidentiality and nonsolicitation agreement (hereinafter the agreement) when he was employed by the plaintiff and that the defendant breached the restrictive covenants in the agreement by soliciting the plaintiff's customers and employees and transferring to himself a copy of the plaintiff's customer list. Simultaneously with the commencement of the action, the plaintiff moved for a preliminary injunction, inter alia, enjoining the defendant from contacting or soliciting the plaintiff's customers, employees, and vendors. In an order entered December 13, 2022, the Supreme Court denied the motion. The plaintiff appeals.
Initially, contrary to the defendant's contention, this appeal is not academic. Although the agreement provides that the restricted period expires one year following the termination of the defendant's employment, the agreement contains a provision extending that time period in the event of a determination by a court that the defendant has been in violation of the restrictive covenants (cf. Delta Enter. Corp. v Cohen, 93 AD3d 411, 412).
Turning to the merits of the appeal, "[t]o establish the right to a preliminary injunction, the plaintiff must prove by clear and convincing evidence (1) the likelihood of ultimate success on the merits, (2) irreparable injury absent the grant of the injunction, and (3) a balance of the equities in the plaintiff's favor" (Keneally, Lynch & Bak, LLP v Salvi, 190 AD3d 961, 963; see Cushing v Sanford Equities Corp., 223 AD3d 870, 871). "Although the purpose of a preliminary injunction is to preserve the status quo pending a trial, the remedy is considered a drastic one, which should be used sparingly" (Soundview Cinemas, Inc. v AC I Soundview, LLC, 149 AD3d 1121, 1123; [*2]see Seagate Mini Mall, Inc. v Seagate Assn., Inc., 201 AD3d 759, 761).
Here, the plaintiff failed to demonstrate a likelihood of success on the merits. A restrictive covenant in an employment agreement is reasonable only if it "(1) is no greater than is required for the protection of the legitimate interest of the employer, (2) does not impose undue hardship on the employee, and (3) is not injurious to the public" (BDO Seidman v Hirshberg, 93 NY2d 382, 388-389; see Marshall & Sterling, Inc. v Southard, 148 AD3d 1009, 1011). "An employer's interests justifying a restrictive covenant are limited 'to the protection against misappropriation of the employer's trade secrets or of confidential customer lists, or protection from competition by a former employee whose services are unique or extraordinary'" (R & G Brenner Income Tax Consultants v Fonts, 206 AD3d 943, 945, quoting BDO Seidman v Hirshberg, 93 NY2d at 389; see Arthur J. Gallagher & Co. v Marchese, 96 AD3d 791, 792).
The plaintiff failed to establish that the restrictive covenants set forth in the agreement were necessary to protect the plaintiff's legitimate interests. The plaintiff did not show that the defendant misappropriated trade secrets or confidential customer lists or that his services were unique or extraordinary (see Pearlgreen Corp. v Yau Chi Chu, 8 AD3d 460, 461; Walter Karl, Inc. v Wood, 137 AD2d 22, 27; Shannon Stables Holding Co. v Bacon, 135 AD2d 804, 806). Accordingly, the plaintiff failed to demonstrate a likelihood of success on the merits, and thus, its motion for a preliminary injunction, among other things, enjoining the defendant from contacting or soliciting the plaintiff's customers, employees, and vendors was properly denied (see generally Melrose Credit Union v Itskovich, 208 AD3d 472, 473).
In light of our determination, we need not reach the parties' remaining contentions.
DUFFY, J.P., WOOTEN, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court