Citibank, N.A. v Vernikov (2025 NY Slip Op 06599)

Citibank, N.A. v Vernikov

2025 NY Slip Op 06599

Decided on November 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
JAMES P. MCCORMACK, JJ.

2023-09868
 (Index No. 507167/21)

[*1]Citibank, N.A., appellant, 
v
Grigoriy Vernikov, doing business as Interpage Co, respondent.

Platzer, Swergold, Goldberg, Katz & Jaslow, LLP, New York, NY (Linda M. Gates and Robert Mastrogiacomo of counsel), for appellant.
Salta & Associates, P.C., New York, NY (Romeo Salta of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and to recover on a personal guaranty, the plaintiff appeals from an order of the Supreme Court, Kings County (Richard J. Montelione, J.), dated July 31, 2023. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the causes of action to recover damages for breach of contract, to recover on a personal guaranty, and to recover collateral, and dismissing the defendant's affirmative defenses and counterclaims.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the causes of action to recover damages for breach of contract, to recover on a personal guaranty, and to recover collateral, and dismissing the defendant's affirmative defenses and counterclaims are granted.
In August 2018, the defendant, Grigoriy Vernikov, doing business as Interpage Co, applied to the plaintiff for a commercial line of credit. On August 22, 2018, the plaintiff sent the defendant a terms letter, notifying the defendant that his application had been approved and that a $100,000 revolving line of credit (hereinafter the account) had been established. The terms letter further provided that the account was "annually renewable, subject to satisfactory credit performance and payment of an annual fee of $100.00," and that "[a]ll accounts are subject to periodic credit review, even if payment for the annual fee has been recently submitted." Moreover, the defendant was informed that the plaintiff periodically would review the account and may elect not to renew it or may reduce the maximum amount that could be borrowed and that if the account were canceled, the outstanding balance at cancellation had to be repaid in monthly installments over a period to be determined by the plaintiff. The account was subject to the terms letter, the application, and terms and conditions (hereinafter collectively the agreement). Pursuant to the terms and conditions, the plaintiff could refuse to make additional credit from the account available to the defendant if, among other things, the account had reached its limit, the account was in default, or upon any other reasonable circumstance, including, without limitation, an adverse change in the defendant's financial condition or the financial condition of any guarantor, without incurring liability to the defendant or others. The terms and conditions further provided that the plaintiff could change the agreement, "including all fees, interest rate and method of computation, and increase, reduce or cancel the credit available, at any time, by providing [the defendant] with written notice."
As security for repayment of the amounts due under the account, Vernikov, individually, executed a personal guaranty (hereinafter the guaranty) as part of the application. As additional security for repayment of the amounts due under the account, the defendant granted the plaintiff a security interest in all of the defendant's owned or later acquired personal property and fixtures, as well as the proceeds and products thereof (hereinafter the collateral).
By correspondence dated August 27, 2019, the plaintiff informed the defendant that the $100 "annual fee has been satisfied and your account has been renewed" and reminded the defendant that "all accounts are subject to periodic credit review, even if payment for the annual fee has been recently submitted." Thereafter, by letter dated September 9, 2019, the plaintiff notified the defendant that based upon the plaintiff's review of the defendant's credit profile, the plaintiff was canceling the defendant's borrowing rights, the plaintiff would not extend any additional credit under the account effective immediately, and the outstanding principal balance of the account and all accrued interest had to be repaid in 48 monthly installments.
By letter dated March 6, 2020, the plaintiff informed the defendant that he was in default of the agreement and that if he failed to cure his default within 10 days, the plaintiff would elect to accelerate the outstanding balance. By letter dated February 19, 2021, the plaintiff notified the defendant that he was in default by, inter alia, failing to make the payment due on September 23, 2019, and thereafter and that the plaintiff was electing to immediately accelerate all amounts due under the agreement.
The plaintiff subsequently commenced this action against the defendant, asserting causes of action, inter alia, to recover damages for breach of contract, to recover on the guaranty, and to recover the collateral. The defendant interposed an answer, asserting various affirmative defenses and six counterclaims.
The plaintiff moved for summary judgment on the complaint and dismissing the defendant's affirmative defenses and counterclaims. In an order dated July 31, 2023, the Supreme Court, inter alia, denied those branches of the plaintiff's motion which were for summary judgment on the causes of action alleging breach of contract, to recover on the guaranty, and to recover the collateral, and dismissing the defendant's counterclaims and affirmative defenses. The plaintiff appeals.
The plaintiff demonstrated its prima facie entitlement to judgment as a matter of law on the causes of action alleging breach of contract and to recover on the guaranty by submitting, inter alia, copies of the agreement and the guaranty, as well as an affidavit from its attorney-in-fact evidencing the defendant's obligations under the agreement and the guaranty and his failure to make payment in accordance with the terms thereof (see M & T Bank v DelVecchio, 162 AD3d 654, 655; J.P. Morgan Chase Bank, N.A. v Lanar Sys., Inc., 120 AD3d 764; Valley Natl. Bank v INI Holding, LLC, 95 AD3d 1108, 1108). The plaintiff also demonstrated its prima facie entitlement to judgment as a matter of law dismissing the defendant's affirmative defenses, as it demonstrated that the affirmative defenses were without merit or were conclusory in nature and contained no factual allegations (see Star201, LLC v Duran, 233 AD3d 726).
In opposition, the defendant failed to raise a triable issue of fact as to any bona fide defense (see M & T Bank v DelVecchio, 162 AD3d at 655). Contrary to the defendant's contention, the agreement was not ambiguous (see Riverside S. Planning Corp. v CRP/Extell Riverside, L.P., 13 NY3d 398, 404). Moreover, the defendant did not raise a triable issue of fact as to whether the plaintiff breached the implied covenant of good faith and fair dealing by demonstrating that the plaintiff had accepted the defendant's annual renewal fee on August 27, 2019, and canceled the account on September 9, 2019, since the agreement provided that the account was subject to periodic credit review, even if payment for the annual fee had been recently submitted, and could be canceled at any time, upon written notice (see Pentagon Fed. Credit Union v Popovic, 217 AD3d 480, 482). The defendant has abandoned any contentions regarding the remaining affirmative defenses, as he failed to address them in his brief (see U.S. Bank N.A. v Gonzalez, 172 AD3d 1273, 1275; Marcum, LLP v Silva, 117 AD3d 917, 919).
Accordingly, the Supreme Court should have granted those branches of the plaintiff's motion which were for summary judgment on the causes of action alleging breach of contract and to recover on the guaranty, and dismissing the defendant's affirmative defenses.
The plaintiff further established its prima facie entitlement to judgment as a matter of law on the cause of action to recover the collateral. "A cause of action sounding in replevin must establish that the defendant is in possession of certain property of which the plaintiff claims to have a superior right" (Nissan Motor Acceptance Corp. v Scialpi, 94 AD3d 1067, 1068; see Melrose Credit Union v Matatov, 187 AD3d 1009, 1012). Here, the plaintiff established, prima facie, that the defendant was in default under the terms and conditions of the agreement, pursuant to which the plaintiff was entitled to take immediate possession of the collateral pledged in the security agreement (see Melrose Credit Union v Matatov, 187 AD3d at 1012-1013). In opposition, the defendant failed to raise a triable issue of fact. As such, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on the cause of action to recover the collateral.
The Supreme Court also erred in denying that branch of the plaintiff's motion which was for summary judgment dismissing the defendant's counterclaims (see Pezzo v 26 Seventh Ave. S., LLC, 144 AD3d 778, 780). In opposition to the plaintiff's showing of its prima facie entitlement to judgment as a matter of law dismissing the defendant's counterclaims, the defendant failed to raise a triable issue of fact with respect to his first, second, fourth, and fifth counterclaims (see Zuckerman v City of New York, 49 NY2d 557), and he abandoned his third and sixth counterclaims by failing to address them in opposition to the plaintiff's motion for summary judgment (see Wells Fargo Bank, N.A. v Carrington, 221 AD3d 746, 749; Aurora Loan Servs., LLC v Czin, 211 AD3d 1000, 1002).
GENOVESI, J.P., BRATHWAITE NELSON, WARHIT and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court