Heung Man Lau v South Brooklyn Ry. Co.
2026 NY Slip Op 03434
June 3, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Heung Man Lau, appellant,
v
South Brooklyn Railway Company, respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 3, 2026
2024-10998, (Index No. 520688/22)
Lara J. Genovesi, J.P.
Lillian Wan
Janice A. Taylor
Donna-Marie E. Golia, JJ.

Blank Rome LLP, New York, NY (Massimo F. D'Angelo and Robert Chester of counsel), for appellant.
Tarter Krinsky & Drogin LLP, New York, NY (Shari S. Laskowitz of counsel), for respondent.

[*1]
DECISION & ORDER
In an action, inter alia, for declaratory and injunctive relief, the plaintiff appeals from an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated October 7, 2024. The order denied the plaintiff's motion for a preliminary injunction and a Yellowstone injunction (see First Natl. Stores v Yellowstone Shopping Ctr., 21 NY2d 630).
ORDERED that the order is affirmed, with costs.
The defendant is a subsidiary company of the Metropolitan Transit Authority. On November 8, 1998, the parties executed a document titled "MTA-Retail Concession License Agreement" (hereinafter the agreement) wherein the defendant agreed to allow the plaintiff to use a warehouse and parking lot (hereinafter the lot) located on 5th Avenue and 38th Street in Brooklyn (hereinafter the premises) in exchange for compensation. The agreement provided that the premises would be used "exclusively for warehousing and parking of trucks and vehicles" in connection with the plaintiff's business. The plaintiff purportedly is in the business of renting parking spaces to teachers and staff at a nearby school.
The agreement also provided "that the granting of the license herein . . . does not create any landlord-tenant relationship between the parties and does not give [the plaintiff] any real property rights in or to" the premises. The agreement provided the defendant with the authority to terminate the agreement with 60-days' written notice if it determined that "it require[d] the use of the whole or any part of the [premises] for any corporate purpose."
The agreement was set to expire on April 30, 2009, but the plaintiff exercised her right to extend the term for an additional 10 years. After that additional period expired, the parties executed another agreement (hereinafter the holdover agreement), which, in effect, extended the term of the agreement on a month-to-month basis. Pursuant to the holdover agreement, the defendant was only required to provide the plaintiff with 30-days' prior written notice to terminate the plaintiff's interest in the premises.
In a letter dated April 28, 2022, the defendant provided the plaintiff with a 30-day [*2]notice of termination. Then, according to the plaintiff, beginning in May 2022, the defendant began locking the plaintiff out of parts of the lot.
Thereafter, the plaintiff commenced this action, inter alia, alleging commercial tenant harassment in violation of Administrative Code of the City of New York § 22-902(a) and for a declaration that the plaintiff "has a valid month-to-month lease" for the premises.
In a letter dated June 12, 2024, the defendant sent the plaintiff a new 30-day notice of termination (hereinafter the new termination notice). Thereafter, the plaintiff moved for a preliminary injunction enjoining the defendant from enforcing or attempting to enforce the new termination notice and for a Yellowstone injunction. The defendant opposed the motion. In an order dated October 7, 2024, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
"On a motion for a preliminary injunction, the movant has the burden of demonstrating that (1) the movant will likely succeed on the merits of the action, (2) the movant will suffer irreparable injury absent the issuance of a preliminary injunction, and (3) the balance of equities is in favor of the movant" (Melrose Credit Union v Itskovich, 208 AD3d 472, 473). "Although the purpose of a preliminary injunction is to preserve the status quo pending a trial, the remedy is considered a drastic one, which should be used sparingly" (Minzer v Minzer, 206 AD3d 721, 723 [internal quotation marks omitted]). Nonetheless, "[t]he decision whether to grant or deny a preliminary injunction rests in the sound discretion of the court hearing the motion" and therefore, "[a]bsent unusual or compelling circumstances, appellate courts are reluctant to disturb that determination" (Brighton Leasing Corp. v Brighton Realty Corp., 233 AD3d 839, 840-841 [internal quotation marks omitted]).
Here, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was for a preliminary injunction. "[E]conomic loss, which is compensable by money damages, does not constitute irreparable harm" (Di Fabio v Omnipoint Communications, Inc., 66 AD3d 635, 637 [internal quotation marks omitted]). The plaintiff did not demonstrate that she would suffer irreparable harm absent a preliminary injunction. Under the circumstances, the potential loss of the plaintiff's interest in the premises, a commercial property, does not constitute an irreparable harm (see Lombard v Station Sq. Inn Apts. Corp., 94 AD3d 717, 721). Furthermore, the plaintiff did not demonstrate that she was likely to succeed on the merits of her causes of action or that the balance of the equities was in her favor (see East Coast Drilling, Inc. v Total Structure Enter., Inc., 106 AD3d 688, 689; see also Durst Pyramid LLC v Silver Cinemas Acquisition Co., 222 AD3d 431, 432).
The plaintiff's remaining contention is without merit.
Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiff's motion for a preliminary injunction and a Yellowstone injunction.
GENOVESI, J.P., WAN, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court