THE PEOPLE OF THE STATE OF NEW YORK ex rel. MICHAEL KILGALLON, Appellant, v. JOSEPH H. BROPHY, as Warden of Auburn State Prison, Auburn, New York, Respondent.— Order affirmed, without costs, on the authority of *People* v. *Heath* (237 App. Div. 209); *People* v. *Coleman* (Id. 211); *People* v. *Coleman* and *People* v. *Heath* (240 App. Div. 947; affd., 264 N. Y. 536). All concur. (The order dismisses a writ of habeas corpus and remands relator into custody.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Taylor, JJ.

HOTEL SYRACUSE, INC., Respondent, v. ROY P. BRAINARD, Appellant.— Order reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. Memorandum: Plaintiff brought this action to recover from defendant the unpaid amount of rental agreed to be paid by defendant for the lease of certain premises in accordance with the terms of a written lease. The defendant having defaulted, judgment was entered by the clerk without application to the court. The defendant moves to vacate the judgment so entered upon the ground that the clerk did not have the right to enter the judgment but that plaintiff was required to apply to the court for judgment upon plaintiff's default. Judgment may be taken without application to the court where the complaint sets forth a cause of action for the breach of an express contract to pay a sum of money fixed by the terms of the contract or capable of being ascertained therefrom by computation only. (Civ. Prac. Act, § 485.) The rent reserved in the lease was a specified annual sum to be paid in monthly installments and in addition thereto a certain percentage of the profits of defendant. These profits could not be ascertained from the lease. It would be necessary to introduce evidence to show what amount the plaintiff was entitled to receive as a share of the profits of defendant. Therefore, the clerk did not have power to enter judgment without application to the court. The judgment erroneously entered by the clerk should, therefore, be vacated. (*Bouker Contracting Co.* v. *Neale*, 161 App. Div. 617.) All concur. (The order denies defendant's motion to vacate a default judgment entered by plaintiff against defendant, in an action to recover rentals due under a lease.) Present — Sears, P. J., Crosby, Cunningham, Taylor and Dowling, JJ.

EMMETT R. GAUHN, Commissioner of Public Welfare of the City of Rochester, New York, Respondent, v. RALPH SANFILIPPO, Appellant. — Order affirmed, without costs. All concur. (The order directs payment of medical expenses and weekly support of a child, in a filiation proceeding.) Present — Sears, P. J., Crosby, Cunningham, Taylor and Dowling, JJ.

In the Matter of the Application for the Appointment of a Committee of the Person and Property of SARAH CONDON WELCH, an Alleged Incompetent Person. — Motion for reargument denied, with ten dollars costs. Present — Sears, P. J., Crosby, Lewis, Cunningham and Taylor, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. THE CITY OF HORNELL, NEW YORK, Respondent.— Motion for leave to appeal to the Court of Appeals denied, with ten dollars costs. Present — Sears, P. J., Crosby, Lewis, Cunningham and Taylor, JJ.

EDWARD OKELSON, Respondent, v. CLEVELAND & BUFFALO TRANSIT CO., Appellant.— Motion for leave to appeal to the Court of Appeals denied, with ten dollars costs. Present — Sears, P. J., Crosby, Cunningham, Taylor and Dowling, JJ.