■ DELROY BAILEY et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. [602 NYS2d 177] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Queens County (Lonschein, J.), dated April 2, 1991, which granted the plaintiffs' motion to enforce a settlement entered into in open court on September 13, 1990, and denied the defendants' cross motion to vacate the settlement and restore the action to the trial calendar.

Ordered that the order is affirmed, with costs.

As a result of an automobile accident that occurred on November 22, 1985, the plaintiff Charles Thompson sustained serious back injuries. A bilateral fusion was performed upon Thompson on December 22, 1987. Thompson was also treated for psychological difficulties. The full amount of benefits available to Thompson under "no fault" insurance was exhausted.

On September 13, 1990, the parties agreed, in open court, to a stipulation of settlement, *inter alia,* pursuant to which the defendants agreed to pay $375,000.

The defendants refused to comply with the stipulation because of new evidence pertaining to Thompson's physical condition observed after the settlement. The defendants contend that throughout the course of the litigation, they were led to believe that Thompson remained seriously disabled and unable to seek gainful employment of any kind. However, one day after the settlement, Thompson was observed painting the door of a home.

The Supreme Court correctly ruled that the stipulation of settlement should be enforced. Stipulations of settlement are favored by the courts and are not lightly set aside *(see, Hallock v State of New York,* 64 NY2d 224). A stipulation of settlement is enforceable as a binding contract if it is definite and complete upon its face *(see, Term Indus. v Essbee Estates,* 88 AD2d 823). The parties to a stipulation may have it set aside only for reasons which would allow a contract to be set aside, such as fraud, collusion, mistake, or accident *(see, Hallock v State of New York, supra).* The instant stipulation entered into in open court was definite and complete upon its face and was not predicated upon fraud, collusion, mistake, or accident.

That Thompson was severely injured is not disputed. During Thompson's deposition, the defendants did not ask him questions regarding his ability to engage in physical activities. Thompson never testified at the trial of this action. Thompson never stated that he was precluded from all physical activity. In fact, the history obtained by Dr. Mark Cannon in a report dated February 14, 1989, revealed that Thompson was using an exercise bicycle and jogging.

When the settlement is made on the assumption of the existence of a state of facts, it may be rescinded if that state of facts does not presently exist. Where, however, there is no mistake concerning the injuries but only a miscalculation of consequences, the voluntary settlement of the parties is binding as to both. Neither party may then rescind merely because the consequences of a known injury are more serious or less serious than had been anticipated. Such uncertainties are presumed to have been considered when the parties agreed upon the adjustment of their claims (see, Mack v Albee Press, 263 App Div 275, affd 288 NY 623). Accordingly, the defendants have failed to set forth sufficient grounds to vacate the stipulation of settlement. Thompson, J. P., Miller, Santucci and Joy, JJ., concur.