■ KAY MANAGEMENT GROUP, INC., Respondent, v RONA LANE et al., Appellants. [628 NYS2d 768] —In an action for ejectment, the defendants appeal from (1) a decision of the Supreme Court, Kings County (I. Aronin, J.), dated November 3, 1994, which, *inter alia,* found that the defendants had abandoned any attempt to answer the amended complaint by failing to settle an order which had granted them permission to serve a late answer, and (2) an order and judgment (one paper) of the same court, dated February 1, 1995, entered upon the underlying decision, which, *inter alia,* granted the plaintiff's motion for leave to enter a default judgment.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision *(see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the order and judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

A failure to submit a proposed order for signature within the 60-day period prescribed by 22 NYCRR 202.48 may be excused by good cause shown. The defendants asserted that the failure to settle the order on notice which permitted them to serve a late answer to the amended complaint was the result of their attorney not being familiar with the practice of the court and that she did not hear the trial court's directive in court to settle the order on notice. We find that this does not constitute the "good cause" necessary to excuse the delay *(see, Feldman v New York City Tr. Auth.,* 171 AD2d 473; *York v General Elec. Co.,* 170 AD2d 322). Thompson, J. P., Pizzuto, Santucci and Florio, JJ., concur.