■ MARION WEST, Appellant, v EDWARD SCHMIEDER et al., Defendants. (Matter No. 1.) In the Matter of MARION WEST,

Appellant, v VILLAGE LODGE, INC., Defendant, and VINCENT O'CONNOR, Respondent. (Matter No. 2.) [628 NYS2d 816] —In a hybrid action and proceeding, *inter alia,* for judicial dissolution of a corporation, Marion West appeals from (1) an order of the Supreme Court, Suffolk County (Gowan, J.), entered August 6, 1993, which denied her motion to dismiss her former counsel's application for an award of counsel fees based on his failure to timely enter a judgment on a decision awarding him counsel fees, and (2) an order of the same court, dated July 19, 1994, which denied her motion to (a) enjoin former counsel Vincent O'Connor from taking any action to enforce a judgment entered March 11, 1994, entered in his favor and against her in the principal sum of $19,902 for counsel fees, and (b) resettle that judgment.

Ordered that the orders are affirmed, without costs or disbursements.

The Supreme Court did not improvidently exercise its discretion in denying the appellant's motion to dismiss her former attorney's application for counsel fees. The motion was based on the claim that counsel had abandoned his application by failing to timely submit a judgment for signature within 60 days after the signing and filing of the court's decision awarding him counsel fees *(see,* Uniform Rules for Trial Cts [22 NYCRR] § 202.48 [a]). The appellant failed to establish, however, that the 1991 Supreme Court decision was ever filed.

We further find that the grave illnesses suffered by counsel and his wife constituted good cause for his delay in submitting the judgment for signature after both the initial decision and the order entered August 6, 1993 *(see,* Uniform Rules for Trial Cts [22 NYCRR] § 202.48 [b]). Balletta, J. P., Thompson, Santucci, Altman and Hart, JJ., concur.