■ EULAH JONES et al., Respondents, v EDWARD D. CORLEY, JR., et al., Appellants. [825 NYS2d 534]—

In an action, inter alia, to recover damages for fraud, the defendants appeal from an order of the Supreme Court, Nassau County (Bucaria, J.), dated January 9, 2006, which denied their motion pursuant to CPLR 3215 to dismiss the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion pursuant to CPLR 3215 to dismiss the complaint is granted.

The plaintiffs commenced this action, inter alia, to recover damages for fraud. The Supreme Court granted a motion by the plaintiffs pursuant to CPLR 3126 to strike the defendants' answer for willful and contumacious failure to comply with disclosure. The defendants subsequently moved pursuant to CPLR 3215 to dismiss the complaint. The defendants argued that the striking of their answer constituted a default within the meaning of CPLR 3215 and triggered the running of the one-year period within which the plaintiffs were required to take proceedings for the entry of a default judgment (see CPLR 3215 [c]). The defendants asserted the complaint must be dismissed because the plaintiffs failed to timely take such proceedings. The Supreme Court denied the defendants' motion. We reverse.

In relevant part, CPLR 3215 permits a plaintiff to seek a default judgment against a defendant who has failed to answer or appear (see CPLR 3215 [a], [f]; Giovanelli v Rivera, 23 AD3d 616 [2005]). However, if a plaintiff "fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed" (CPLR 3215 [c]).

Entry of an order pursuant to CPLR 3126 striking an answer is the equivalent of a default in answering, and a plaintiff's right to recover upon a defendant's default in answering is governed by CPLR 3215 (see Rokina Opt. Co. v Camera King, 63 NY2d 728, 730 [1984]; Reynolds Sec. v Underwriters Bank & Trust Co., 44 NY2d 568 [1978]; Fappiano v City of New York, 5 AD3d 627 [2004]). We agree with the defendants that this encompasses the concomitant obligation under CPLR 3215 to take proceedings for the entry of judgment within one year after the

default. The plaintiffs failed to do so. Further, the plaintiffs did not argue or demonstrate that sufficient cause existed to deny dismissal of the complaint (*see Iorizzo v Mattikow,* 25 AD3d 762 [2006]), or that the defendants otherwise waived the right to seek such relief (*see Myers v Slutsky,* 139 AD2d 709 [1988]). Contrary to the plaintiffs' contention, service of a 90-day notice pursuant to CPLR 3216 is not a prerequisite to relief pursuant to CPLR 3215. Thus, the defendants' motion should have been granted. Adams, J.P., Ritter, Fisher and Covello, JJ., concur.