■ VINNY PETULLA CONTRACTING CORP., Respondent, v LEWIS RANIERI, Defendant, and LUNZ DEVELOPMENT CORP. et al., Appellants. [941 NYS2d 659]—

In an action, inter alia, to recover damages for breach of contract and on an account stated, the defendants Lunz

Development Corp. and Joseph Lunz appeal from an order of the Supreme Court, Nassau County (Mahon, J.), dated May 26, 2011, which denied their motion, in effect, pursuant to CPLR 5015 (a) (4) to vacate a judgment of the same court dated March 8, 2011, entered upon their default in appearing or answering, pursuant to CPLR 5015 (a) (1) to vacate their default in appearing or answering, and, in effect, pursuant to CPLR 2004 and 3012 (d) for leave to serve and file a late answer.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, and the motion of the defendants Lunz Development Corp. and Joseph Lunz, in effect, pursuant to CPLR 5015 (a) (4) to vacate the judgment dated March 8, 2011, pursuant to 5015 (a) (1) to vacate their default in appearing or answering, and, in effect, pursuant to CPLR 2004 and 3012 (d) for leave to serve and file a late answer is granted.

The Nassau County Clerk did not have the authority to enter a judgment against the appellant pursuant to CPLR 3215 (a), since, under the circumstances of this case, the damages sought against the appellants were not for a "sum certain" and could not be determined without extrinsic proof (*see Reynolds Sec. v Underwriters Bank & Trust Co.*, 44 NY2d 568, 572-573 [1978]; *Stephan B. Gleich & Assoc. v Gritsipis*, 87 AD3d 216, 222-224 [2011]; *Pikulin v Mikshakov*, 258 AD2d 450, 451 [1999]; *Hotel Syracuse, Inc. v Brainard*, 256 App Div 1055 [1939]). In light of the foregoing, the Supreme Court should have granted that branch of the appellants' motion which was, in effect, pursuant to CPLR 5015 (a) (4) to vacate a judgment dated March 8, 2011, which was entered upon their default in appearing or answering.

Moreover, in light of the lack of any prejudice to the plaintiff resulting from the short delay by the appellants in appearing in this action, the existence of a potentially meritorious defense to the action, and the public policy favoring the resolution of cases on the merits, the appellants' default in appearing and answering should have been excused (*see* CPLR 2004, 3012 [d]; *Zeccola & Selinger, LLC v Horowitz*, 88 AD3d 992, 993 [2011]; *Feder v Eline Capital Corp.*, 80 AD3d 554, 555 [2011]; *Schonfeld v Blue & White Food Prods. Corp.*, 29 AD3d 673, 674 [2006]; *Yonkers Rib House, Inc. v 1789 Cent. Park Corp.*, 19 AD3d 687, 688 [2005]). Accordingly, those branches of the appellants' motion which were pursuant to CPLR 5015 (a) (1) to vacate their default in appearing and answering and, in effect, pursuant to CPLR 2004 and 3012 (d) for leave to serve and file a late answer should have been granted. Angiolillo, J.P., Florio, Leventhal and Lott, JJ., concur.