■ HSBC BANK USA, NATIONAL ASSOCIATION, Appellant, v CHAIM WIELGUS, Respondent. [15 NYS3d 170]—

In an action to recover money due under a corporate line of credit guaranteed by the defendant, the plaintiff appeals from an order of the Supreme Court, Kings County (Dear, J.), dated August 6, 2013, which granted the defendant's motion (a) to vacate a clerk's judgment in favor of the plaintiff in the total sum of $64,434.39 entered April 9, 2013, upon the defendant's failure to comply with a stipulation of settlement dated July 23, 2010, (b), in effect, to vacate the stipulation of settlement, and (c) to restore the action to the trial calendar.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the defendant's motion which were, in effect, to vacate the stipulation of settlement dated July 23, 2010, and to restore the case to the trial calendar, and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed, with costs to the plaintiff.

On July 23, 2010, the defendant Chaim Wielgus signed a stipulation of settlement (hereinafter the stipulation) in connection with the present action, in which he promised to pay the plaintiff, HSBC Bank USA, National Association (hereinafter HSBC), monthly installments of $650 for as long as required to pay off his debt in the principal sum of $53,727.40. After he violated the terms of the stipulation, HSBC caused a clerk's judgment against Wielgus to be entered on April 9, 2013, in the total sum of $64,434.39. In obtaining the clerk's judgment, HSBC was acting in reliance on the terms of CPLR 3215 (i) (1). Thereafter, Wielgus moved to vacate the judgment, in effect, to vacate the stipulation, and to restore the action to the trial calendar. The Supreme Court granted the motion.

"Stipulations of settlement between parties are binding contracts . . . and, as such, they are favored and 'not lightly cast aside' " (*Rogers v Malik*, 126 AD3d 874, 874 [2015]; quoting *Hallock v State of New York*, 64 NY2d 224, 230 [1984]; *see also Matter of Galasso*, 35 NY2d 319, 321 [1974]). "Only where

there is a legally sufficient cause to invalidate a contractual obligation, such as where it is manifestly unfair to one party because of the other's overreaching or where its terms are unconscionable or constitute fraud, collusion, mistake, or accident, will a party be relieved from the consequences of the bargain struck with the stipulation" (*Rogers v Malik*, 126 AD3d at 874; citing *Matter of Matinzi v Joy*, 60 NY2d 835, 836 [1983]; *Matter of Mercer*, 113 AD3d 772 [2014]; *Esposito v Podolsky*, 104 AD3d 903, 905 [2013]; *Barzin v Barzin*, 158 AD2d 769, 770 [1990]; *see also Bailey v New York City Tr. Auth.*, 196 AD2d 854 [1993]). "More than mere or conclusory allegations are required, . . . since stipulations of settlement serve the interests of efficient dispute resolution, the proper management of court calendars and the integrity of the litigation process" (*Rogers v Malik*, 126 AD3d 874 [2015]; citing *Hallock v State of New York*, 64 NY2d at 230).

Here, in support of that branch of his motion which was, in effect, to vacate the stipulation and restore the case to the trial calendar, Wielgus proffered his own affidavit, which set forth only conclusory and unsubstantiated allegations. Therefore, the Supreme Court should not have granted those branches of his motion.

However, the Kings County Clerk did not have authority to enter a clerk's judgment against Wielgus pursuant to CPLR 3215 (i) (1). This statute states, in relevant part, that "[w]here . . . a stipulation of settlement is made, providing, in the event of failure to comply with the stipulation, *for entry without further notice of a judgment in a specified amount . . .* the clerk shall enter judgment on the stipulation and an affidavit as to the failure to comply with the terms thereof, together with a complaint or a concise statement of the facts on which the claim was based" (CPLR 3215 [i] [1] [emphasis added]). Although the stipulation provided that HSBC could enter a money judgment against Wielgus in the event of a default, it permitted entry of such a judgment only "upon ten (10) days notice" to Wielgus. Thus, the stipulation was not one which provided for entry of a judgment upon default "without further notice." Moreover, the stipulation did not provide for entry of a judgment "in a specified amount." Rather, it provided that the judgment to be entered upon Wielgus's default would be calculated so as to "credit [Wielgus] for all payments made on account." The stipulation thus did not specify the exact principal sum of the judgment that HSBC would have the right to enter based on a default by Wielgus under the stipulation; rather, it provided for a formula that required reference to

extrinsic proof as to exactly how much Wielgus might have already paid to HSBC prior to the default, or prior to the judgment. Accordingly, the entry of a clerk's judgment was not authorized by CPLR 3215 (i) (1).

Furthermore, as a general rule, a clerk's judgment should not be entered where, as here, the amount of the judgment can be determined only by reference to extrinsic proof (*see Stephan B. Gleich & Assoc. v Gritsipis*, 87 AD3d 216, 221-222 [2011]; *see also Vinny Petulla Contr. Corp. v Ranieri*, 94 AD3d 751 [2012]; *Dante Piano Serv. Corp. v Haedrich*, 42 Misc 3d 136[A], 2014 NY Slip Op 50125[U], *1 [App Term, 9th & 10th Jud Dists 2014]). Generally, a judgment should be entered on application to the clerk only where "there can be no dispute as to the amount due" (*Reynolds Sec. v Underwriters Bank & Trust Co.*, 44 NY2d 568, 572 [1978]). Under these circumstances, HSBC was required to apply to the court, rather than to the clerk, for an order enforcing the stipulation and granting leave to enter an appropriate judgment (*see Stephan B. Gleich & Assoc. v Gritsipis*, 87 AD3d at 222).

Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was to vacate the clerk's judgment entered April 9, 2013. Mastro, J.P., Chambers, Roman and LaSalle, JJ., concur.