■ MERRIAM MASHATT, as Trustee of the HUSSAIN A. MASHATT AMENDED AND RESTATED TRUST, Appellant, v FADHEL ALSAHLANI et al., Respondents. [34 NYS3d 60]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Grays, J.), entered September 5, 2014, which granted the motion of Hussain A. Mashatt pursuant to CPLR 3215 for leave to enter judgment against the defendants only to the extent of directing the defendants to provide a confession of judgment and general release in accordance with the parties' stipulation of settlement dated August 10, 2011, and otherwise denied the motion.

Ordered that the order is affirmed, with costs.

Hussain A. Mashatt (hereinafter Hussain) and the defendant Fadhel Alsahlani were equal partners in the defendant "M.S.

and BR, LLC" (hereinafter the LLC) which owns and operates a gas station in Queens. In 2008, Hussain commenced this action, inter alia, setting forth causes of action alleging breach of contract, fraud, and conversion. Subsequently, the parties settled the lawsuit by a stipulation of settlement which was placed on the record in open court on August 10, 2011. Pursuant to this stipulation, the defendants agreed to buy out Hussain's interest in the LLC by making monthly payments over a multi-year period towards the final purchase price. The defendants also agreed to provide Hussain with a confession of judgment for $279,000, the maximum amount due under the agreement. The confession of judgment was to be held in escrow by Hussain's attorney and was to be "released upon the default of the defendants . . . or upon full satisfaction of defendants' obligations under this stipulation." Incongruously, the agreement also provided, inter alia, that in the event of default, Hussain would provide notice to the defendants and an opportunity to cure, and that if the defendants did not cure their default, the parties would "put the business up for sale."

The defendants never provided the confession of judgment, but did tender monthly payments to Hussain pursuant to the agreement for approximately one year after the August 10, 2011, stipulation before they defaulted with respect to future payments. Thereafter, Hussain moved pursuant to CPLR 3215 for leave to enter judgment against the defendants in the principal sum of $279,000. The Supreme Court granted the motion only to extent of directing the defendants to provide Hussain with the agreed-upon confession of judgment. By decision and order on motion of this Court dated January 22, 2016, Merriam Mashatt, as Trustee of the Hussain A. Mashatt Amended and Restated Trust, was substituted for Hussain, and the caption was amended accordingly.

Contrary to the plaintiff's contention, the terms of the agreement did not permit the entry of judgment pursuant to CPLR 3215 (i), regardless of the fact that the defendants never tendered the confession of judgment. CPLR 3215 (i) states, in relevant part, that "[w]here . . . a stipulation of settlement is made, providing, in the event of failure to comply with the stipulation, for entry without further notice of a judgment in a specified amount . . . the clerk shall enter judgment on the stipulation and an affidavit as to the failure to comply with the terms thereof, together with a complaint or a concise statement of the facts on which the claim was based." Here, although the stipulation called for the defendants to provide a confession of judgment, it made no reference to entry of judg-

ment. Moreover, even if it could be concluded that the confession of judgment provision was to allow the entry of judgment upon the defendants' default, it is clear that such entry could not have been made "without further notice" since the agreement specifically provided that notice of default be given to the defendants, and even required that the defendants be provided with an opportunity to cure their default. Thus, the stipulation did not permit entry of judgment pursuant to CPLR 3215 (i) (*see HSBC Bank USA, N.A. v Wielgus*, 131 AD3d 510, 511 [2015]). Furthermore, it would be manifestly unfair to permit the plaintiff to enter judgment for the entire $279,000 in light of Hussain's admission that the defendants tendered monthly payments under the agreement for one year before they defaulted.

The defendants' remaining contention is without merit.

Accordingly, the Supreme Court properly denied that branch of the motion which was for an order permitting entry of judgment against the defendants. Rivera, J.P., Dillon, Balkin and Sgroi, JJ., concur.