■ MARINE BULKHEADING, INC., Appellant, v JOSEPH MANNINO, Respondent. [52 NYS3d 639]—In an action to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Murphy, J.), dated February 1, 2016, as granted the defendant's motion pursuant to CPLR 5015 to vacate a clerk's judgment entered August 27, 2013, in its favor in the sum of $30,672.55, upon the defendant's failure to comply with a stipulation of settlement dated June 27, 2012, and sua sponte, in effect, directed specific performance of the stipulation of settlement.

Ordered that on the Court's own motion, the notice of appeal from so much of the order, as, sua sponte, in effect, directed specific performance of the stipulation of settlement is deemed an application for leave to appeal from that portion of the order, and leave to appeal from that portion of the order is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof which, in effect, directed specific performance of the stipulation of settlement; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

As the Supreme Court properly determined, since the defendant had previously appeared in the action, he was entitled to notice of the plaintiff's application to the Nassau County Clerk for a default judgment based upon his alleged breach of the parties' stipulation of settlement pursuant to CPLR 3215 (g) (*see Deutsche Bank Natl. Trust Co. v Gavrielova*, 130 AD3d 674, 675 [2015]; *see also Paulus v Christopher Vacirca, Inc.*, 128 AD3d 116, 122 [2015]). Contrary to the plaintiff's contention, the Clerk was not authorized to enter a default judgment

pursuant to CPLR 3215 (i), since the parties' stipulation of settlement did not provide for entry of a judgment "without further notice" to the defendant (*see HSBC Bank USA, N.A. v Wielgus*, 131 AD3d 510, 511 [2015]; *see also Mashatt v Alsahlani*, 139 AD3d 820, 822 [2016]). Accordingly, the Supreme Court properly granted the defendant's motion to vacate the default judgment.

However, the Supreme Court erred to the extent that it granted relief that was not sought by the parties when it, sua sponte, in effect, directed specific performance of the parties' stipulation of settlement (*see Bank of N.Y. Trust Co., N.A. v Chiejina*, 142 AD3d 570, 572-573 [2016]; *Great Fin. Bank, FSB v Interdenominational Bhd., Inc.*, 109 AD3d 581, 583-584 [2013]; *Lyon v Lyon*, 259 AD2d 525, 526 [1999]). Accordingly, we modify the order appealed from by deleting the provision thereof which, sua sponte, in effect, directed specific performance of the parties' stipulation of settlement. Mastro, J.P., Sgroi, LaSalle and Connolly, JJ., concur.