Bove v Bove (2020 NY Slip Op 07531)





Bove v Bove


2020 NY Slip Op 07531


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2019-06141
 (Index No. 50697/10)

[*1]Anthony Bove, appellant,
v
Theresa Bove, respondent.


Robert W. Hiatt, Staten Island, NY, for appellant.
Benjamin Haber, Staten Island, NY, for respondent.



DECISION & ORDER
In a matrimonial action, the plaintiff appeals from an order of the Supreme Court, Richmond County (Ralph J. Porzio, J.), dated April 23, 2019. The order, insofar as appealed from, granted the defendant's motion to deem the plaintiff's postjudgment motion for certain relief abandoned pursuant to 22 NYCRR 202.48 on the ground that he failed to settle an order within 60 days.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The parties were divorced by a judgment dated March 10, 2012. In August 2016, the plaintiff moved for postjudgment relief. The defendant failed to submit any papers in opposition despite multiple adjournments of the return date of the motion and a directive to do so by the Supreme Court in an order dated February 14, 2017. It is undisputed that on June 7, 2017, the court granted the plaintiff's motion based on the defendant's default and directed the plaintiff to settle an order, on notice, granting his motion. Approximately four months later, on October 10, 2017, the plaintiff served a proposed default order.
The defendant subsequently moved to vacate her default in opposing the plaintiff's motion, and that motion was granted in an order dated July 23, 2018. The plaintiff appealed, and this Court reversed the July 23, 2018 order insofar as appealed from, holding that the defendant failed to set forth a reasonable excuse for her default and, therefore, the Supreme Court improvidently exercised its discretion in granting the defendant's motion (see Bove v Bove, 170 AD3d 648).
On March 19, 2019, approximately two weeks after this Court issued its decision and order on the prior appeal, the defendant moved to deem the plaintiff's prior postjudgment motion abandoned pursuant to 22 NYCRR 202.48 on the ground that he failed to settle the order within 60 days after June 7, 2017. The plaintiff opposed the motion, arguing that the 60-day time period in 22 NYCRR 202.48 was inapplicable. By order dated April 23, 2019, the Supreme Court, inter alia, granted the defendant's motion. The plaintiff appeals.
"Proposed orders . . ., with proof of service on all parties where the order is directed [*2]to be settled or submitted on notice, must be submitted for signature, unless otherwise directed by the court, within 60 days after the signing and filing of the decision directing that the order be settled or submitted" (22 NYCRR 202.48[a]). "Failure to submit the order . . . timely shall be deemed an abandonment of the motion or action, unless for good cause shown" (22 NYCRR 202.48[b]). These provisions are not applicable where the decision does not explicitly direct that the proposed judgment or order be settled or submitted for signature (see Funk v Barry, 89 NY2d 364; LaSalle Bank N.A. v Benjamin, 164 AD3d 1223, 1225). Here, it is undisputed that on June 7, 2017, the plaintiff was directed to settle an order, on notice, granting his motion. Thus, under these circumstances, pursuant to 22 NYCRR 202.48(a), the plaintiff was required to submit a notice of settlement and proposed order within 60 days after June 7, 2017 (see Rotbert v Rotbert, 140 AD3d 672; Russo v Russo, 289 AD2d 467, 468; Zaman v Shukla, 248 AD2d 379; Kay Management Group v Lane, 216 AD2d 532; see also Dime Sav. Bank, FSB v Anzel, 232 AD2d 446; cf. West v Schmieder, 217 AD2d 579).
Accordingly, in the absence of good cause shown, the Supreme Court did not improvidently exercise its discretion in granting the defendant's motion to deem the plaintiff's postjudgment motion for certain relief abandoned pursuant to 22 NYCRR 202.48.
RIVERA, J.P., CHAMBERS, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court