Freeport Plaza Realty, LLC v Freeport Moon, Inc. (2022 NY Slip Op 02981)





Freeport Plaza Realty, LLC v Freeport Moon, Inc.


2022 NY Slip Op 02981


Decided on May 4, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2020-01207
 (Index No. 608193/17)

[*1]Freeport Plaza Realty, LLC, appellant,
v
Freeport Moon, Inc., et al., defendants, Skky Wireless of Freeport, LLC, et al., respondents.


Manmohan K. Bakshi, P.C., Manhasset, NY, for appellant.
Certilman Balin Adler & Hyman, LLP, East Meadow, NY (Anthony W. Cummings of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for breach of a lease, the plaintiff appeals from an order of the Supreme Court, Nassau County (Jerome C. Murphy, J.), entered January 15, 2020. The order granted the motion of the defendants Skky Wireless of Freeport, LLC, and Astha Wadhwa which were pursuant to CPLR 5015(a), 5019(a), and, in effect, CPLR 3215(a) to vacate a clerk's judgment entered August 28, 2019, upon an order of the same court dated May 20, 2019, granting the plaintiff's unopposed motion pursuant to CPLR 3126 to strike their answer for failure to comply with discovery and for leave to enter a default judgment against them, in favor of the plaintiff and against those defendants in the total sum of $184,692.94, and to set the matter down for an inquest on the issue of damages.
ORDERED that the order entered January 15, 2020, is affirmed, with costs.
The plaintiff, Freeport Plaza Realty, LLC, as landlord, and the defendant Skky Wireless of Freeport, LLC (hereinafter Skky), as tenant, entered into a commercial lease of property located in Nassau County for a five-year period commencing June 1, 2016, and ending May 31, 2021. Guarantors on the lease included the defendant Astha Wadhwa. In December 2016, Skky assigned the lease to the defendant Freeport Moon, Inc. (hereinafter Moon). In July 2017, Moon abandoned the premises. In August 2017, the plaintiff commenced this action against Skky, Wadhwa, and others, alleging breach of the lease and seeking damages representing the balance of the rents owed under the lease. Skky and Wadhwa (hereinafter together the defendants) answered the complaint and denied the material allegations therein. In March 2018, the plaintiff relet the
premises to nonparty Boss Babies Learning Academy, LLC, for a two-year period commencing April 1, 2018, and ending March 31, 2020. Following the defendants' failure to comply with the plaintiff's discovery demands, the Supreme Court, in an order dated May 20, 2019, granted the plaintiff's unopposed motion, inter alia, pursuant to CPLR 3126 to strike their answer for failure to comply with discovery and for leave to enter a default judgment against them. On August 28, 2019, the Nassau County Clerk entered a judgment in favor of the plaintiff and against the defendants in the total sum of $184,692.94. Following the plaintiff's service of a copy of the clerk's judgment with notice of entry, the defendants moved pursuant to CPLR 5015(a), 5019(a), and, in effect, CPLR 3215(a) to vacate the clerk's judgment and to set the matter down for an inquest on the issue of damages. In an order entered January 15, 2020, the court granted the defendants' motion. The plaintiff appeals.
"Entry of an order pursuant to CPLR 3126 striking an answer is the equivalent of a default in answering" (Fappiano v City of New York, 5 AD3d 627, 628; see Rokina Opt. Co. v Camera King, 63 NY2d 728; Reynolds Sec. v Underwriters Bank & Trust Co., 44 NY2d 568; Jones v Corley, 35 AD3d 381), "and a plaintiff's right to recover upon a defendant's default in answering is governed by CPLR 3215" (Jones v Corley, 35 AD3d at 381; see Fappiano v City of New York, 5 AD3d at 628). CPLR 3215(a) permits the clerk of the court to enter judgment in favor of a plaintiff upon the submission of the requisite proof, when "the plaintiff's claim is for a sum certain or for a sum which can by computation be made certain." "The term 'sum certain' in this context contemplates a situation in which, once liability has been established, there can be no dispute as to the amount due, as in actions on money judgments and negotiable instruments" (Reynolds Sec. v Underwriters Bank & Trust Co., 44 NY2d at 572; see HSBC Bank USA, N.A. v Wielgus, 131 AD3d 510, 512). "Obviously, the clerk then functions in a purely ministerial capacity" (Reynolds Sec. v Underwriters Bank & Trust Co., 44 NY2d at 572). "[A]s a general rule, a clerk's judgment should not be entered where . . . the amount of the judgment can be determined only by reference to extrinsic proof" (HSBC Bank USA, N.A. v Wielgus, 131 AD3d at 512; see Vinny Petulla Contr. Corp. v Ranieri, 94 AD3d 751, 751-752; Stephan B. Gleich & Assoc. v Gritsipis, 87 AD3d 216, 221-222).
Contrary to the plaintiff's contention, the Nassau County Clerk did not have the authority to enter a judgment against the defendants pursuant to CPLR 3215(a), since, under the circumstances of this case and the provisions of the subject lease, the damages sought against the defendants were not for a "sum certain" (id.) and could not be determined without extrinsic proof (see 172 Van Duzer Realty Corp. v Globe Alumni Student Assistance Assn., Inc., 24 NY3d 528; Barnett v Diamond Fin. Co., Inc., 202 AD3d 651, 653; HSBC Bank USA, N.A. v Wielgus, 131 AD3d at 512; Vinny Petulla Contr. Corp. v Ranieri, 94 AD3d at 751-752).
The plaintiff's remaining contentions are without merit.
BRATHWAITE NELSON, J.P., CHAMBERS, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court