Cruz v Pierce (2022 NY Slip Op 07054)

Cruz v Pierce

2022 NY Slip Op 07054

Decided on December 14, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 14, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2020-01701
 (Index No. 19850/13)

[*1]Dionicio Cruz, respondent, 
v
Latanya Pierce, appellant.

Latanya Pierce, Brooklyn, NY, appellant pro se.
Talisman & DeLorenz, P.C., Brooklyn, NY (Robert G. Abruzzino of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Richard J. Montelione, J.), dated December 23, 2019. The order denied the defendant's motion pursuant to 22 NYCRR 202.48 to vacate an order of the same court dated July 23, 2014, granting the plaintiff's motion for leave to enter a default judgment against her and directing an inquest on damages, and to vacate a decision dated January 10, 2017, made after the inquest, finding that the plaintiff is entitled to damages in the sum of $274,521.54.
ORDERED that the appeal from so much of the order dated December 23, 2019, as denied that branch of the defendant's motion which was pursuant to 22 NYCRR 202.48 to vacate the decision dated January 10, 2017, is dismissed, as no appeal lies from an order denying a motion to vacate a decision (see Coradin v New York City Tr. Auth., 3 AD3d 547); and it is further,
ORDERED that the order dated December 23, 2019, is reversed insofar as reviewed, on the law and in the exercise of discretion, that branch of the defendant's motion which was pursuant to 22 NYCRR 202.48 to vacate the order dated July 23, 2014, is granted, and the decision dated January 10, 2017, is vacated; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
On October 2, 2012, the plaintiff allegedly was injured while performing work at real property owned by the defendant. In November 2013, the plaintiff commenced this action to recover damages for personal injuries. According to an affidavit of service, the defendant was served with the summons and complaint pursuant to CPLR 308(4). The defendant failed to answer the complaint, and the plaintiff moved for leave to enter a default judgment. In an order dated July 23, 2014, the Supreme Court granted the plaintiff's motion and directed an inquest on damages. At the close of the inquest on January 10, 2017, the court found that the plaintiff was entitled to recover the total sum of $274,541.54 in damages, and directed the plaintiff to "[s]ettle judgment on notice." The plaintiff did not submit a notice of settlement and proposed judgment until July 2, 2019. In July 2019, the defendant moved pursuant to 22 NYCRR 202.48 to vacate the July 23, 2014 order granting the plaintiff's motion for a default judgment and to vacate the decision dated January 10, 2017, made after the inquest, based upon the plaintiff's failure to submit the notice of settlement and proposed judgment within 60 days of the directive to settle a judgment on notice. In an order dated December 23, 2019, the Supreme Court denied the defendant's motion. The defendant appeals.
Pursuant to 22 NYCRR 202.48(a), "[p]roposed orders or judgments, with proof of service on all parties where the order is directed to be settled or submitted on notice, must be submitted for signature, unless otherwise directed by the court, within 60 days after the signing and filing of the decision directing that the order be settled or submitted." "Failure to submit the order or judgment timely shall be deemed an abandonment of the motion or action, unless for good cause shown" (id. § 202.48[b]). Here, it is undisputed that, on January 10, 2017, the plaintiff was directed to settle a judgment on notice. Thus, pursuant to 22 NYCRR 202.48(a), the plaintiff was required to submit a notice of settlement and proposed judgment within 60 days after January 10, 2017 (see Bove v Bove, 189 AD3d 1151, 1153). It is also undisputed that the plaintiff failed to submit a notice of settlement and proposed judgment until July 2, 2019, nearly 2½ years after the Supreme Court directed the plaintiff to settle a judgment on notice. Thus, the plaintiff failed to timely settle a judgment pursuant to the requirements of 22 NYCRR 202.48(a).
Furthermore, the plaintiff failed to show good cause for his lengthy delay in submitting a notice of settlement and proposed judgment in compliance with the Supreme Court's directive (see Aurora Loan Servs., LLC v Yogev, 194 AD3d 994, 996; Seeman v Seeman, 154 AD2d 584, 586). Thus, under the particular circumstances of this case, the court should have granted that branch of the defendant's motion which was pursuant to 22 NYCRR 202.48 to vacate the order dated July 23, 2014. In light of our determination, the decision rendered after the inquest must also be vacated.
The plaintiff's remaining contentions are without merit.
CHAMBERS, J.P., WOOTEN, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court