Desantis v Desantis (2024 NY Slip Op 01699)

Desantis v Desantis

2024 NY Slip Op 01699

Decided on March 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LOURDES M. VENTURA, JJ.

2022-03578
 (Index No. 50887/16)

[*1]Lisa Desantis, respondent, 
v
Christopher Desantis, appellant.

Abrams Fensterman, LLP, White Plains, NY (Robert A. Spolzino, Lisa Colosi Florio, and Daniel Alter of counsel), for appellant.
James M. Lambert (Arnold E. DiJoseph, P.C., New York, NY [Arnold E. DiJoseph III], of counsel), for respondent.

DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Richmond County (Ronald Castorina, Jr., J.), dated April 11, 2022. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were (1) to preclude the defendant from offering into evidence at trial certain documents pertaining to the value of a particular asset, The Royal Group, LLC, after the date of commencement of the action, and (2), in effect, for partial summary judgment determining that the value of the asset The Royal Group, LLC, was at least $2,450,000 and precluding any evidence of a lower value.
ORDERED that the appeal from so much of the order as granted that branch of the plaintiff's motion which was to preclude the defendant from offering into evidence at trial certain documents pertaining to the value of the asset The Royal Group, LLC, after the date of commencement of the action is dismissed, without costs or disbursements; and it is further,
ORDERED that the order is reversed insofar as reviewed, on the law, without costs or disbursements, and that branch of the plaintiff's motion which was, in effect, for partial summary judgment determining that the value of the asset The Royal Group, LLC, was at least $2,450,000 and precluding any evidence of a lower value is denied.
On October 6, 2016, the plaintiff commenced this action for a divorce and ancillary relief, including equitable distribution of a business known as The Royal Group, LLC (hereinafter the LLC). In 2019, the defendant moved, inter alia, to set the valuation date of the LLC as the date of trial and the plaintiff cross-moved, among other things. to set the valuation date of the LLC as the date of commencement of the action. That issue was referred to a special referee, and by order dated August 3, 2021, the special referee granted that branch of the plaintiff's cross-motion, setting the valuation date as the date of commencement of the action. No appeal was taken from that order.
Just prior to trial, the plaintiff moved, inter alia, to preclude the defendant from offering into evidence certain documents related to the value of the LLC after the date of commencement of the action. The plaintiff also sought, in effect, to set the minimum value of the LLC at $2,450,000 and preclude any evidence of a lower value. By order dated April 11, 2022, the Supreme Court granted those branches of the motion, and the defendant appeals.
"[A]n order, made in advance of trial, which merely determines the admissibility of [*2]evidence is an unappealable advisory ruling" (Rondout Elec. v Dover Union Free School Dist., 304 AD2d 808, 810; see Credendino v State of New York, 211 AD3d 807). The portion of the April 11, 2022 order which precluded evidence at trial as to the value of the LLC after the date of commencement of the action in accordance with a prior order setting that as the valuation date did not limit the scope of issues to be tried or affect a substantial right, but, rather, was an unappealable advisory ruling concerning the admissibility of evidence. Accordingly, the appeal from that portion of the April 11, 2022 order must be dismissed (see Credendino v State of New York, 211 AD3d 807).
However, that branch of the plaintiff's motion which sought, in effect, to set the minimum value of the LLC at $2,450,000 and preclude any evidence of a lower value, while styled as a motion in limine, was the functional equivalent of an untimely motion for partial summary judgment determining that the value of the LLC was at least $2,450,000 (see Matter of City of New York v Mobil Oil Corp., 12 AD3d 77, 81; Rondout Elec. v Dover Union Free School Dist., 304 AD2d at 810). "[A] motion in limine is an inappropriate substitute for a motion for summary judgment" (Rondout Elec. v Dover Union Free School Dist., 304 AD2d at 810-811), and "in the absence of any showing of good cause for the late filing of such a motion," should not have been considered (Farias-Alvarez v Interim Healthcare of Greater N.Y., 166 AD3d 945, 947 [internal quotation marks omitted]; see Matter of Singer, 99 AD3d 802, 803). Moreover, any agreement between the parties regarding the valuation of the LLC evinced on the record of proceedings held on May 4, 2017, was ambiguous, and its meaning and import could not be determined as a matter of law (see C & L Funding Co., LLC v Intercounty Paving Assoc., LLC, 215 AD3d 918, 920; see also Scherer v North Shore Car Wash Corp., 72 AD3d 927, 929).
Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which sought, in effect, to set the minimum value of the LLC at $2,450,000 and preclude any evidence of a lower value.
IANNACCI, J.P., MALTESE, WOOTEN and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court