Lewis v Reeves (2025 NY Slip Op 01362)

Lewis v Reeves

2025 NY Slip Op 01362

Decided on March 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
PHILLIP HOM, JJ.

2023-12325
 (Index No. 507479/13)

[*1]Roland Lewis, et al., respondents-appellants,
v
Stacy Reeves, defendant, U.S. Bank National Association, etc., appellant-respondent.

Solomon & Siris, P.C., Garden City, NY (Bill Tsevis of counsel), for appellant-respondent.
Korsinsky & Klein LLP, Brooklyn, NY (Michael Korsinky of counsel), for respondents-appellants.

DECISION & ORDER
In a consolidated action, inter alia, pursuant to RPAPL article 15 to quiet title to certain real property and for related declaratory relief, the defendant U.S. Bank National Association appeals, and the plaintiffs cross-appeal, from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated July 7, 2023. The order, insofar as appealed from, denied the motion of the defendant U.S. Bank National Association for summary judgment dismissing the complaint insofar as asserted against it. The order, insofar as cross-appealed from, denied those branches of the plaintiffs' cross-motion which were for summary judgment on the cause of action, in effect, for a judgment declaring that the defendant U.S. Bank National Association has no right or interest in the subject property and dismissing that defendant's third affirmative defense and its counterclaim alleging adverse possession.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiffs' cross-motion which was for summary judgment dismissing the third affirmative defense of the defendant U.S. Bank National Association, and substituting therefor a provision granting that branch of the cross-motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
In 2013, the plaintiff Roland Lewis commenced an action (hereinafter the 2013 action) against his former wife, Mary Jean Holliman, and Holliman's son, Stacy Reeves, among other things, for a judgment declaring that a deed dated October 3, 2003 (hereinafter the 2003 deed), purportedly transferring ownership of certain residential property from Lewis to Holliman, is null and void. In an order dated October 15, 2015 (hereinafter the October 2015 order), the Supreme Court granted Lewis's unopposed motion for summary judgment declaring that the 2003 deed and all subsequent deeds and conveyances are null and void upon a finding that the 2003 deed was forged. The court subsequently denied Reeves's motion to vacate the October 2015 order and entered a judgment, inter alia, declaring that Lewis is the rightful owner of the property and that the 2003 deed is null and void. On appeal, this Court reversed the judgment and granted Reeves's motion to vacate the October 2015 order on the ground that Lewis had failed to join the defendant U.S. Bank National Association (hereinafter U.S. Bank) as a necessary party to the 2013 action, since [*2]U.S. Bank was the mortgagee of record on the property (see Lewis v Holliman, 176 AD3d 1048, 1048-1050).
In 2016, Lewis and the plaintiff KK Greene, LLC, commenced an action (hereinafter the 2016 action) against U.S. Bank and another defendant, among other things, to invalidate the mortgage encumbering the property. In an order dated January 17, 2018, the Supreme Court, inter alia, denied that branch of U.S. Bank's cross-motion which was for leave to amend its first amended answer to assert, in effect, a counterclaim alleging adverse possession. On appeal, this Court modified that order by, among other things, deleting the provision thereof denying that branch of U.S. Bank's cross-motion which was for leave to amend its first amended answer to assert, in effect, a counterclaim alleging adverse possession, and substituting therefor a provision granting that branch of the cross-motion (see Lewis v US Bank N.A., 186 AD3d 694, 697-698).
The Supreme Court subsequently consolidated the 2013 action, the 2016 action, and an ejection action brought by U.S. Bank against Reeves. Thereafter, U.S. Bank moved for summary judgment dismissing the plaintiffs' complaint insofar as asserted against it. The plaintiffs opposed U.S. Bank's motion and cross-moved, inter alia, for summary judgment on the cause of action, in effect, for a judgment declaring that U.S. Bank has no right or interest in the property, and dismissing U.S. Bank's third affirmative defense, alleging that Holliman was awarded the property during a divorce action between Lewis and Holliman, and U.S. Bank's counterclaim alleging adverse possession. In an order dated July 7, 2023, the court, among other things, denied U.S. Bank's motion and those branches of the plaintiffs' cross-motion. U.S. Bank appeals, and the plaintiffs cross-appeal.
We take judicial notice of an order of the Supreme Court dated May 30, 2024, which granted the plaintiffs' motion pursuant to CPLR 3126(2) to strike Reeves's answer and counterclaims for his failure to comply with a discovery order (see Flushing AV Laundromat, Inc. v Dekao Qu, 229 AD3d 516, 520). Contrary to the plaintiffs' contention, the order dated May 30, 2024, does not render U.S. Bank's appeal academic (see Matter of East End Hangars, Inc. v Town of E. Hampton, N.Y., 225 AD3d 861, 864). Moreover, a "judgment obtained by [a] plaintiff as against the defaulting defendant is not entitled to collateral estoppel effect against the nondefaulting defendants" (Holt v Holt, 262 AD2d 530, 530). "Entry of an order pursuant to CPLR 3126 striking an answer is the equivalent of a default in answering" (Freeport Plaza Realty, LLC v Freeport Moon, Inc., 205 AD3d 685, 686 [internal quotation marks omitted]; see Jones v Corley, 35 AD3d 381, 381). Accordingly, the order dated May 30, 2024, does not render U.S. Bank's appeal academic.
The Supreme Court properly denied U.S. Bank's motion for summary judgment dismissing the complaint insofar as asserted against it. U.S. Bank failed to establish, prima facie, that Holliman gained title to and ownership of the property as a result of the court's decision in the divorce action between Lewis and Holliman. In a divorce action, "the court . . . shall determine the respective rights of the parties in their separate or marital property, and shall provide for the disposition thereof in the final judgment" (Domestic Relations Law § 236[B][5][a]). "Upon the court's direction to settle or submit an order or a judgment, the party that prevailed on the underlying decision is obligated to do so" (Lola Roberts Beauty Salon, Inc. v Able Motor Cars Corp., 213 AD3d 751, 752; see Bove v Bove, 189 AD3d 1151, 1152). "Failure to submit the order or judgment timely shall be deemed an abandonment of the motion or action, unless for good cause shown" (22 NYCRR 202.48[b]; see 22 NYCRR 202.48[a]).
Here, U.S. Bank submitted a transcript of an inquest held in the divorce action in May 2001, indicating that the Supreme Court awarded the property to Holliman. However, the court directed Holliman to submit a judgment with a copy of the transcript within 60 days, which Holliman failed to do, and there is no evidence in the record that a final judgment was issued in the divorce action. Accordingly, Holliman abandoned the relief she sought in the divorce action (see Bove v Bove, 189 AD3d at 1152), and U.S. Bank failed to demonstrate that Holliman obtained title to and ownership of the property in the divorce action. For the same reasons, the court should have granted that branch of the plaintiffs' cross-motion which was for summary judgment dismissing U.S. Bank's third affirmative defense, alleging that Holliman was awarded the property during the divorce action [*3](see Cruz v Pierce, 211 AD3d 807, 808-809).
The Supreme Court properly denied that branch of the plaintiffs' cross-motion which was for summary judgment on the cause of action, in effect, for a judgment declaring that U.S. Bank has no right or interest in the property. A movant alleging forgery "must . . . offer '[s]omething more than a bald assertion,' and in this regard conclusory or self-serving affidavits [or testimony] are inadequate" (Knight v New York & Presbyterian Hosp., _____ NY3d _____, _____, 2024 NY Slip Op 05870, *3 [2d Dept], quoting Banco Popular N. Am. v Victory Taxi Mgt., 1 NY3d 381, 384; see Riccio v Genworth Fin., 184 AD3d 590, 592). Although an expert opinion is not necessarily required in order to establish that a document is a forgery, a plaintiff employing a handwriting expert must present evidence authenticating the exemplars upon which the expert relied (see CPLR 4536; Banco Popular N. Am. v Victory Taxi Mgt., 1 NY3d at 384; Kanterakis v Minos Realty I, LLC, 151 AD3d 950, 952).
Here, the Supreme Court was not required to consider the opinion of the handwriting expert since the plaintiffs failed to produce evidence authenticating the exemplars upon which the expert primarily relied (see Kanterakis v Minos Realty I, LLC, 151 AD3d at 952). Therefore, the plaintiffs provided nothing more than Lewis's "conclusory or self-serving" statements (Knight v New York & Presbyterian Hosp., _____ NY3d _____, _____, 2024 NY Slip Op 05870, *3). In any event, Lewis's deposition testimony, in which he disavowed signing two notarized affidavits that he relied upon in the 2013 action and the 2016 action, raised a triable issue of fact (see Smith-Joyner v Barahona, 227 AD3d 924, 926-927; Margiotta v Rock & Roll Livery, 302 AD2d 500, 501). Contrary to the plaintiffs' contentions, the October 2015 order, which was vacated by this Court, does not bar U.S. Bank from contending that the 2003 deed was not forged (see Lewis v Holliman, 176 AD3d at 1048).
The Supreme Court also properly denied that branch of the plaintiffs' cross-motion which was for summary judgment dismissing U.S. Bank's counterclaim alleging adverse possession. Contrary to the plaintiffs' contention, the 2008 amendments to the adverse possession statute are not applicable here, since Reeves's property rights allegedly vested prior to the enactment of those amendments (see Salzberg v Sena, 204 AD3d 853, 856). Under the pre-amendment law, in order to establish a claim to property by adverse possession, a claimant must prove, by clear and convincing evidence, that possession of the property was "(1) hostile and under [a] claim of right; (2) actual; (3) open and notorious; (4) exclusive; and (5) continuous for the required period" (Walling v Przybylo, 7 NY3d 228, 232-233; see Buckheit v Aiken, 232 AD3d 842, 843). The element of hostility "is satisfied where an individual asserts a right to the property that is 'adverse to the title owner and also in opposition to the rights of the true owner'" (Estate of Becker v Murtagh, 19 NY3d 75, 81, quoting Walling v Przybylo, 7 NY3d at 232). Here, Lewis testified that he moved out of the property in 1994 or 1995 because of a dispute with Holliman as to whether she would continue to receive rental income from the property. Thereafter, Holliman exclusively received the rental income from the property and was responsible for any repairs made to the property (see Estate of Becker v Murtagh, 19 NY3d at 82). Moreover, Lewis did not possess a key to the property and never visited the property without receiving express permission from Holliman or Reeves. Accordingly, the plaintiffs failed to establish, prima facie, that Holliman's possession of the property was not hostile (see Green Hills [USA], LLC v Marjam of Rewe St., Inc., 208 AD3d 1156, 1157).
The plaintiffs' remaining contentions are without merit.
IANNACCI, J.P., CHRISTOPHER, DOWLING and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court